**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PB LIFE AND ANNUITY CO., LTD., *et al.*,[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 20-12791 (SCC)<br><br>(Jointly Administered) |

## ORDER GRANTING PROVISIONAL RELIEF

Upon the *Motion for Provisional Relief Pursuant to Sections 1519, 1521(a)(3), 1521(a)(7) and 362 of the Bankruptcy Code* (the "Motion") filed on behalf of Rachelle Frisby and John Johnston of Deloitte Ltd., in their capacities as the joint provisional liquidators and authorized foreign representatives (the "Petitioners" or "JPLs") for PB Life and Annuity Co., Ltd. ("PBLA"), Northstar Financial Services (Bermuda) Ltd. ("Northstar"), and Omnia Ltd. ("Omnia", together with PBLA and Northstar, the "Debtors"), in provisional liquidation currently pending before the Supreme Court of Bermuda (the "Bermuda Court"), Companies (Winding Up) Commercial Court, 2020: No. 306, 304 and 305, respectively (the "Bermuda Proceedings"), seeking entry of an Order (this "Order") imposing the stay pursuant to section 362 of title 11 of the United States Code (the "Bankruptcy Code") against PBX Holdings, LLC, PBX Bermuda Holdings, Ltd., BMX Holdings, LLC, BMX Bermuda Holdings, Ltd., Greg E. Lindberg, Global Growth, any non-debtor entity affiliated with the Debtors, and all holders of claims against the Debtors, pending recognition of the Bermuda Proceedings with respect to the Debtors; and it appearing that this Court has jurisdiction to consider the Motion pursuant to

---

[1] PB Life and Annuity Co., Ltd., Northstar Financial Services (Bermuda) Ltd. and Omnia Ltd, foreign Debtors, are Bermuda limited companies which each have a registered address in Bermuda of Ocorian Services (Bermuda) Limited, Victoria Place, 5th Floor, 31 Victoria Street, Hamilton, HM 10, Bermuda, and are Jointly Administered for procedural purposes, by Order of this Court entered on December 4, 2020, ECF No. 11.

sections 157 and 1334 of title 28 of the United States Code, and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated as of January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.); and this Court having considered the Motion, the Petition for Recognition,[2] the Memorandum of Law, and the Frisby Declaration and the statements of counsel in support of the Motion at a hearing before this Court on December 17, 2020 (the "Hearing"); and appropriate and timely notice of the filing of the Motion and the Hearing having been given; and no other or further notice being necessary or required; and after due deliberation and sufficient cause appearing therefor;

THIS COURT HEREBY FINDS AND DETERMINES THAT:

A.  The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.  The Motion is granted as provided herein and any objections thereto filed or stated on the record at the Hearing are overruled.

C.  The Court has jurisdiction over this matter pursuant to sections 157 and 1334 of title 28 of the United States Code. This is a core proceeding pursuant to section 157(b)(2)(P) of title 28 of the United States Code.

---

[2] Capitalized terms not otherwise defined herein shall carry the meanings ascribed to them in the Motion.

2

  D. Venue is proper in this district pursuant to section 1410 of title 28 of the United States Code.

  E. The statutory basis for the relief requested consists of sections 1519, 1521(a)(7) and 362 of the Bankruptcy Code.  Pursuant to section 1519 of the Bankruptcy Code, from the time of filing of the Petition until the Court rules on the Petition for Recognition, the Court may grant certain relief of a provisional nature.

  F. The Bermuda Proceedings are pending in Bermuda and the Petitioners have been authorized to act as foreign representatives (as such term is defined in section 101(24) of the Bankruptcy Code) in these Chapter 15 Cases.

  G. On December 3, 2020, the Petitioners duly commenced these Chapter 15 Cases under chapter 15 of the Bankruptcy Code on behalf of each of the Debtors.

  H. The Petitioners are not required to commence an adversary proceeding to seek the relief requested in the Motion.

  I. Based on the pleadings filed to date, the Court concludes that the Petitioners have demonstrated a likelihood of success on the merits of the Petition for Recognition.

  J. The relief sought by the Petitioners in the Motion is authorized under section 1519 of the Bankruptcy Code and the Petitioners have demonstrated that irreparable harm to the Debtors may occur in the absence of the relief sought in the Motion.

  K. For purposes of this Order and the relief granted herein, the balance of harms favors granting of the Requested Relief.

  L. For purposes of this Order and the relief granted herein, the relief granted services the public interest.

12/10/2020 SL1 1668805v1 114825.00001

M. The relief sought by the Motion has been carefully crafted to apply only to PBX Holdings, LLC, PBX Bermuda Holdings, Ltd., BMX Holdings, LLC, BMX Bermuda Holdings, Ltd., Greg E. Lindberg, Global Growth, any non-debtor entity affiliated with the Debtors, holders of claims against the Debtors, the parties in *Oscar Manguy and Karla Meza v. Northstar Financial Services, Ltd. and First Bank, NA* in the Superior Court for the State of California, Case. No. 37-2020-00016618-CU-CO-CTL (the "California Action"), the parties to *PB Life & Annuity Co. Ltd. v. Universal Life Ins. Co.,* Case No. 20-3122 (2d Cir.) (the "ULICO Appeal"), and the parties to Southland National Insurance Corporation in Rehabilitation, Bankers Life Insurance Company, in Rehabilitation, Colorado Bankers Life Insurance Company, in Rehabilitation, and Southland National Reinsurance Corporation, in Rehabilitation v. Greg E. Lindberg, Academy Association, Inc., Edwards Mill Asset Management, LLC, and Private Bankers Life and Annuity Co., Ltd. a/k/a PB Life and Annuity Company, Ltd., *Gen. Court of Justice, Superior Court Division (Wake County), No. 19 CVS 013093* (the "NC Insurance Rehabilitation Action", together with the California Action and the ULICO Appeal, the "Pending Proceedings") and will not cause undue hardship to any party in interest and, to the extent that any hardship may result to such parties, it is outweighed by the benefits of the requested relief to the Petitioners, the Debtors and their creditors.

N. The relief granted hereby is necessary and appropriate in the interests of the public and international comity; it is consistent with the public policy of the United States, and it will not cause the Debtors' creditors or other parties in interest any hardship that is not outweighed by the benefits of granting the relief requested herein.

O. No security is required for the relief granted herein, under Rule 7065 of the Bankruptcy Rules or otherwise.

  P.  All parties in interest will be sufficiently protected by the provisions of section 362.

  Q.  Appropriate notice of the filing of and Hearing on the Motion was given which notice is deemed adequate for all purposes, and no other or further notice need be given.

NOW THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

  1.  Section 362 of the Bankruptcy Code applies with respect to the Debtors and the property of the Debtors that is within the territorial jurisdiction of the United States; for the avoidance of doubt, the stay will operate to stay and restrain PBX Holdings, LLC, PBX Bermuda Holdings, Ltd., BMX Holdings, LLC, BMX Bermuda Holdings, Ltd., Greg E. Lindberg, Global Growth, any non-debtor entity affiliated with the Debtors, all parties to the Pending Proceedings and all holders of claims against the Debtors from:

  (a)  commencing or continuing any actions against the Debtors or their property within the territorial jurisdiction of the United States as further defined in 11 U.S.C. § 1502(8) ("Assets");

  (b)  acting to enforce any judicial, quasi-judicial, administrative or monetary judgment, assessment or order or arbitration award against the JPLs (in their capacities as JPLs or foreign representatives of the Debtors), the Debtors or the Assets;

  (c)  commencing or continuing any action or proceeding in the United States to create, perfect or enforce any lien, setoff or other claim against the JPLs (in their capacities as JPLs or foreign representatives of the Debtors), the Debtors or the Assets unless otherwise expressly permitted by the Bermuda Order;

  (d)  seeking the issuance of or issuing any restraining notice or other process of encumbrance with respect to the JPLs (in their capacities as JPLs or foreign representatives of

the Debtors), the Debtors or the Assets unless otherwise expressly permitted by the Bermuda Order; and

     (e) transferring, relinquishing or disposing of any Assets to any person or entity other than the JPLs (in their capacities as JPLs or foreign representatives of the Debtors).

2. This Order is without prejudice to the right of the Petitioners to seek additional relief under applicable provisions of the Bankruptcy Code (including, without limitation, section 1519 of the Bankruptcy Code) and without prejudice to the right of the Petitioners to seek any remedy or to pursue any further relief.

3. The stay of creditor actions to be sought in this case would only apply to the Debtors and in no way would stay creditor actions against PBX Holdings, LLC, PBX Bermuda Holdings, Ltd., BMX Holdings, LLC, BMX Bermuda Holdings, Ltd., Greg E. Lindberg, Global Growth, or any non-debtor entity affiliated with the Debtors. In addition, the stay of creditor actions to be sought in this case in no way stays the action styled *Universal Life Insurance Company v. Greg E. Lindberg,* Case No. 1:20-cv-00681 (M.D.N.C.).

4. The stay imposed in paragraph 1 of this Order shall exclude the action styled *Gustavo Ortega Trujillo and Priscilla Illingworth Ashton v. SunTrust Investment Services, Inc.*, FINRA DR Arbitration No. 20-02941 (the "SunTrust Arbitration"). Upon the entry of a decision determining the SunTrust Arbitration, SunTrust Investment Services, Inc. shall be stayed from taking any further action as against the Debtors without relief from this Court.

5. Notwithstanding anything contained in this Order, the stay imposed in paragraph 1 of this Order shall not stay the NC Insurance Rehabilitation Action as against all the parties to that action, except for the Debtors, and the NC Insurance Rehabilitation Action may proceed as against all parties to that action, except for the Debtors; however, nothing that may occur in the

NC Insurance Rehabilitation Action shall have any res judicata or collateral estoppel effect against any of the Debtors or the JPLs, and all rights of the Debtors and the JPLs are expressly preserved.

6. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon entry; (b) the Petitioners are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (c) the Petitioners are authorized and empowered and may, in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

7. This Order shall remain in full force and effect from the date hereof until the date on which a final determination is made by this Court with respect to the Petition for Recognition and an order or orders is entered in these Chapter 15 Cases giving effect to such determination.

8. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order.

Dated: December 17, 2020
      New York, New York

>  /S/ Shelley C. Chapman
>  UNITED STATES BANKRUPTCY JUDGE

12/10/2020 SL1 1668805v1 114825.00001