**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PB LIFE AND ANNUITY CO., LTD., *et al.*,[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 20-12791 (SCC)<br><br>(Jointly Administered) |

**ORDER (I) RECOGNIZING THE BERMUDA PROCEEDINGS OF
(A) PB LIFE AND ANNUITY CO., LTD. (B) NORTHSTAR FINANCIAL SERVICES
(BERMUDA) LTD. AND (C) OMNIA LTD. AS FOREIGN MAIN PROCEEDINGS AND
(II) GRANTING RELATED RELIEF**

Upon the Verified Petitions[2] of Rachelle Frisby and John Johnston of Deloitte Ltd., in their capacities as the joint provisional liquidators and authorized foreign representatives ("Petitioners" or "JPLs") of PB Life and Annuity Co., Ltd. ("PBLA"), Northstar Financial Services (Bermuda) Ltd. ("Northstar"), and Omnia Ltd. ("Omnia", together with PBLA and Northstar, the "Debtors"), in provisional liquidation currently pending before the Supreme Court of Bermuda (the "Bermuda Court"), Companies (Winding Up) Commercial Court, 2020: No. 306, 304 and 305, respectively (the "Bermuda Proceedings"), for entry of an order (the "Order"), after notice and a hearing, granting recognition of the Bermuda Proceedings as foreign main proceedings or, in the alternative, as foreign nonmain proceedings; and upon consideration of the Verified Petitions and all pleadings related thereto, including the Memorandum of Law and the Frisby Declaration submitted on behalf of each of the Debtors; and the Court finding that:

(a) the Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334,

---

[1] PB Life and Annuity Co., Ltd., Northstar Financial Services (Bermuda) Ltd. and Omnia Ltd, foreign Debtors, are Bermuda limited companies which each have a registered address in Bermuda c/o Deloitte Ltd., Corner House, 20 Parliament Street, Hamilton HM 12, Bermuda, and are Jointly Administered for procedural purposes, by Order of this Court entered on December 4, 2020, ECF No. 11.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed such terms in the Verified Petition.

(b) venue is proper before this Court pursuant to 28 U.S.C. § 1410, (c) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (d) notice of the Verified Petitions was due and proper under the circumstances and no further or other notice need be given; and a hearing having been held to consider the relief requested in the Verified Petitions on January 5, 2021 and upon the record of the hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Verified Petitions is consistent with the purpose of chapter 15 of the Bankruptcy Code and that the legal and factual bases set forth in the Verified Petitions establish just cause for the relief granted herein; and it appearing that the relief requested in the Verified Petitions is in the best interest of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

  THIS COURT HEREBY FINDS AND DETERMINES THAT:

  A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

  B. The Debtors each have "property" in the United States and are therefore eligible for chapter 15 relief under section 109(a) of the Bankruptcy Code.

  C. The Debtors' Chapter 15 Cases were properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code.

    D. The Verified Petitions filed by each of the Debtors on the Petition Date meets each of the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

    E. The JPLs are each a person within the meaning of section 101(41) of the Bankruptcy Code and are the duly appointed foreign representatives of the Debtors within the meaning of section 101(24) of the Bankruptcy Code.

    F. The Bermuda Proceedings are foreign proceedings within the meaning of section 101(23) of the Bankruptcy Code.

    G. The Bermuda Proceedings are entitled to recognition by this Court pursuant to section 1517(a) of the Bankruptcy Code.

    H. The Bermuda Proceedings are pending in Bermuda, which is the location of each of the Debtors' center of main interests, and, as such, are foreign main proceedings pursuant to section 1502(4) of the Bankruptcy Code and are entitled to recognition as foreign main proceedings pursuant to section 1517(b)(1) of the Bankruptcy Code.

    I. The JPLs and the Debtors are entitled to all the relief provided pursuant to section 1520 of the Bankruptcy Code.

    J. The JPLs are entitled to the relief expressly set forth in 11 U.S.C. §§ 1521(a) and (b) that is granted hereby.

    K. The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, warranted pursuant to sections 105(a), 1507(a), 1509(b)(2)-(3), 1520, 1521 and 1525 of the Bankruptcy Code, and will not cause any hardship to any parties in interest that is not outweighed by the benefits of granting relief.

12/29/2020 SL1 1669065v1 114825.00001

L.  Absent the relief granted hereby, the Debtors may be subject to the prosecution of judicial, quasi-judicial, arbitration, administrative or regulatory actions or proceedings against the Debtors or the Debtors' property, thereby interfering with and causing harm to, the Debtors, their creditors, and other parties in interest in the Bermuda Proceedings and, as a result, the Debtors, their creditors and such other parties in interest would suffer irreparable injury for which there is no adequate remedy at law.

M.  Absent the requested relief, the efforts of the Bermuda Court and the JPLs in conducting the Bermuda Proceedings and effecting the proposed administration of the Debtors may be thwarted by the actions of certain creditors and other entities, a result that is antithetical to the purposes of chapter 15 as reflected in section 1501(a) of the Bankruptcy Code.

N.  Each of the injunctions contained in this Order (i) is within the Court's jurisdiction, (ii) confers material benefits on, and is in the best interests of, the Debtors and their creditors, including without limitation the creditors in the Bermuda Proceedings, and (iii) is important to the overall objectives of the Bermuda Proceedings.

O.  The interest of the public will be served by this Court's granting of the relief requested by the JPLs.

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1.  The Verified Petitions of PB Life and Annuity Co., Ltd., Northstar Financial Services (Bermuda) Ltd., and Omnia Ltd.are GRANTED.

2.  The Bermuda Proceedings are each recognized as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

3.  All provisions of section 1520 of the Bankruptcy Code apply in these Chapter 15 Cases, including, without limitation, the stay under section 362 of the Bankruptcy Code throughout the duration of these Chapter 15 Cases or until otherwise ordered by this Court.

4.  The stay of creditor actions to be sought in these case only applies to the Debtors and in no way stays creditor actions against PBX Holdings, LLC, PBX Bermuda Holdings, Ltd., BMX Holdings, LLC, BMX Bermuda Holdings, Ltd., Greg E. Lindberg, Global Growth, or any non-debtor entity affiliated with the Debtors.  In addition, the stay of creditor actions to be sought in these cases in no way stays the action styled *Universal Life Insurance Company v. Greg E. Lindberg,* Case No. 1:20-cv-00681 (M.D.N.C.).

5.  The stay imposed in paragraphs 3 and 4 of this Order shall exclude the action styled *Gustavo Ortega Trujillo and Priscilla Illingworth Ashton v. SunTrust Investment Services, Inc.*, FINRA DR Arbitration No. 20-02941 (the "SunTrust Arbitration"). Upon the entry of a decision determining the SunTrust Arbitration, SunTrust Investment Services, Inc. shall be stayed from taking any further action as against the Debtors without relief from this Court.

6.  With respect to that certain action styled *Southland National Insurance Corporation in Rehabilitation, Bankers Life Insurance Company, in Rehabilitation, Colorado Bankers Life Insurance Company, in Rehabilitation, and Southland National Reinsurance Corporation, in Rehabilitation v. Greg E. Lindberg, Academy Association, Inc., Edwards Mill Asset Management, LLC, and Private Bankers Life and Annuity Co., Ltd. a/k/a PB Life and Annuity Company, Ltd.*, *Gen. Court of Justice, Superior Court Division (Wake County), No. 19 CVS 013093*  (the "NC Insurance Rehabilitation Action"), the stay imposed in this Order, including in paragraphs 3 and 4, shall not stay the NC Insurance Rehabilitation Action as against all parties to that action, except for the Debtors, and the plaintiffs in the NC Insurance Rehabilitation Action

may proceed against all parties to that action, except for the Debtors; however, nothing that may occur in the NC Insurance Rehabilitation Action shall have any res judicata or collateral estoppel effect against any of the Debtors or the JPLs, and all rights of the Debtors and the JPLs are expressly preserved.

7. All entities (as that term is defined in section 101(15) of the Bankruptcy Code), other than the JPLs and their expressly authorized representatives and agents, are hereby enjoined from:

    a) execution against any of the Debtors' assets;

    b) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, arbitral, or other action or proceeding, or to recover a claim, including without limitation any and all unpaid judgments, settlements, or otherwise against the Debtors in the United States;

    c) taking or continuing any act to create, perfect, or enforce a lien or other security interest, set-off, or other claim against the Debtors or any of their property;

    d) transferring, relinquishing, or disposing of any property of the Debtors to any entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the JPLs;

    e) commencing or continuing an individual action or proceeding concerning the Debtors' assets, rights, obligations, or liabilities to the extent they have not been stayed pursuant to section 1520(a) of the Bankruptcy Code; and

    f) terminating contracts or otherwise accelerating obligations thereunder; *provided*, in each case, that such injunction shall be effective solely within the territorial jurisdiction of the United States.

8. The following assets held either in any of the Debtors' names or for the benefit of the Debtors be turned over to the JPLs and the JPLs be hereby granted the authority to disburse such funds in accordance with the Bermuda Proceedings: (i) bank accounts; (ii) investment accounts; (iii) loans and other debt instruments; and (iv) preferred equity and ordinary equity invested in privately held, special purpose vehicles ("SPVs") and other related companies, including without limitation the loans, debt instruments, preferred equity and ordinary equity interests, and other investments identified in Exhibit A hereto.

9. Notice of entry of this Order shall be served in accordance with this Court's *Order (I) Scheduling Hearing on Verified Petitions of (A) PB Life and Annuity Co., Ltd., (B) Northstar Financial Services (Bermuda) Ltd., (C) Omnia, Ltd.; (II) Specifying Deadline for Filing Objections; and (III) Specifying Form and Manner of Service of Notice*, dated December 4, 2020 (the "**Notice Order**"), on or before January 6, 2021. Service in accordance with the Notice Order constitutes adequate and sufficient service and notice.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The JPLs are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order.

12. The JPLs are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13. The JPLs, Debtors and/or each of their successors, representatives, advisors, or counsel shall be entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

12/29/2020 SL1 1669065v1 114825.00001

Dated: New York, New York
       January 5, 2021

                                      /S/ Shelley C. Chapman
                                      UNITED STATES BANKRUPTCY JUDGE

12/29/2020 SL1 1669065v1 114825.00001

# EXHIBIT A

| | |
|---|---|
| Academy Financial Assets LLC | Loan |
| Yarrow Three LLC | Loan |
| AAPC Holdings LLC | Preferred Equity |
| AGH Parent LLC | Preferred Equity |
| CAF I Repos | Loan |
| CAM II Repos | Loan |
| MYSYRL Capital | Loan |
| Platinum Partners Credit Opps Fund | Loan |
| Golden Gate Oil | Loan |
| Satori Waters | Loan |

| | |
|---|---|
| AAPC Holdings LLC Class A | Preferred Equity |
| AAPC Holdings LLC Class B | Preferred Equity |
| Academy Financial Assets LLC | Loan |
| Augusta Asset Management, Inc. | Loan |
| Capital Asset Fund I LLC | Loan |
| Certification for Long-Term Care LLC (CLTC) Jr. | Loan |
| CMC Holding Company LLC | Loan |
| Expro Group | Common Equity |
| Fortrex LLC | Loan |
| UKAT Investments Ltd | Loan |

12/29/2020 SL1 1669065v1 114825.00001