**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PB LIFE AND ANNUITY CO., LTD., *et al.*,[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 20-12791 (SCC)<br><br>(Jointly Administered) |

**ORDER COMPELLING TURNOVER OF BOOKS AND RECORDS AND ATTORNEY FILES PURSUANT TO 11 U.S.C. §§ 105, 542, 1519(a)(3), 1521(a)(4) & 1521(a)(7)**

Upon the motion (the "Motion")[2] of Rachelle Frisby and John Johnston of Deloitte Ltd., in their capacities as the joint provisional liquidators and authorized foreign representatives ("Petitioners" or "JPLs") for PB Life and Annuity Co., Ltd. ("PBLA"), Northstar Financial Services (Bermuda) Ltd. ("Northstar"), and Omnia Ltd. ("Omnia", together with PBLA and Northstar, the "Debtors"), in provisional liquidation currently pending before the Supreme Court of Bermuda (the "Bermuda Court"), Companies (Winding Up) Commercial Court, 2020: No. 306, 304 and 305, respectively (the "Bermuda Proceedings") for the entry of an Order (i) compelling Greg E. Lindberg, Global Growth (f/k/a Eli Global) or any non-debtor entity potentially affiliated with Greg E. Lindberg, Global Growth and/or the Debtors (collectively, the "Lindberg Entities") to turn over all of the books and records of all of the Debtors in the custody, control and possession of the Lindberg Entities, and (ii) compelling the law firms of Condon Tobin Sladek Thornton ("Condon") and Law Offices of Charles A. Gruen (Condon and Law

---

[1] PB Life and Annuity Co., Ltd., Northstar Financial Services (Bermuda) Ltd. and Omnia Ltd, foreign Debtors, are Bermuda limited companies which each have a registered address in Bermuda c/o Deloitte Ltd., Corner House, 20 Parliament Street, Hamilton HM 12, Bermuda, and are Jointly Administered for procedural purposes, by Order of this Court entered on December 4, 2020, ECF No. 11.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

1

Offices of Charles A. Gruen, together, the "Law Firms") to turn over to the JPLs all the Debtors' files (including all privileged communications) held and maintained by the Law Firms; upon the Supplemental Declaration of Rachelle Frisby submitted in support of the Motion; upon the Declaration of Mark Diel submitted in support of the Motion; upon the opposition to the Motion filed jointly by the Lindberg Entities and the Law Firms; upon the Reply of the JPLs in further support of the Motion; it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1410; notice of the Motion having been adequate and appropriate under the circumstances; and upon the hearing held before this Court on January 5, 2021; and after due deliberation and sufficient cause appearing therefor, it is hereby

    **ORDERED** that:

    1. The opposition to the Motion filed jointly by the Lindberg Entities and the Law Firms is OVERRULED and the Motion is GRANTED in its entirety.

    2. Commencing upon the date of entry of this Order, the Lindberg Entities shall begin making a rolling production to the JPLs of all of the books and records of all three Debtors, including without limitation the categories of documents specific in Exhibit A.  Such rolling production shall be completed no later than January 31, 2021.  At such time, the Lindberg Entities shall also (a) identify in writing all responsive documents produced prior to entry of this Order, and (b) with respect to any requested documents that do not exist, provide a certification

to that effect, which shall also specify if any such documents previously existed and the reasons such documents are no longer in existence.

    3. Commencing upon the date of entry of this Order, the Law Firms shall begin making a rolling production to the JPLs of all of the attorney files held and maintained by the Law Firms concerning all of the Debtors. Such rolling production shall be completed no later than January 31, 2021.

    4. If any party asserts a privilege over any of the documents ordered to be produced hereunder, the Law Firms shall provide a privilege log no later than January 31, 2021 reasonably describing the documents withheld and the party asserting the privilege. To the extent that any documents required to be produced hereunder are withheld based on the Debtors' attorney-client privilege, such privilege log shall also specify which persons asserted a privilege on behalf of the Debtors.

    5. All of the foregoing books and records and attorney files shall be delivered without any redactions to the JPLs' counsel, Stevens & Lee, P.C., 485 Madison Avenue, New York, NY 10022, Attn: Nicholas F. Kajon, nfk@stevenslee.com and Constantine D. Pourakis, cp@stevenslee.com. To the extent the foregoing books and records and attorney files are currently maintained in electronic format, they shall be turned over in the current electronic format.

    6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:   January 13, 2021
           New York, New York

                                    /S/ Shelley C. Chapman
                                    UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A
Specific Document Requests Concerning the Debtors

a) All original promissory notes, loan documents and stock certificates;
b) Loan histories;
c) Bank account statements, canceled checks and wire transfer confirmations;
d) Any other account statements;
e) Appraisals and valuations concerning any asset or counterparty (as used herein "counterparty" means any entity in which any of the Debtors has invested);
f) Audited and unaudited financial statements issued by any counterparty;
g) Any documents relating to any counterparty;
h) Any documents relating to the value of any investment;
i) Any documents relating to the determination to make, maintain, take any action or refrain from taking any action concerning any investment, including without limitation declaring a default or deciding not to declare a default;
j) All documents concerning the financial condition, assets, liabilities, revenues, expenses, solvency, insolvency, capital adequacy and cash flow of the Debtors;
k) Records reflecting the value of investments, loans and other instruments of the Debtors;
l) Records reflecting any accrued interest, interest receivable/payable or dividends payable with respect to any investments;
m) Records reflecting current and historical management accounts;
n) Investment management and servicing agreements (with all amendments);
o) All compliance reports and back-up documentation in respect of the same;
p) All trust agreements;
q) Income and expenditure records in respect of all bank and trust accounts;
r) All documents concerning (i) the legal title upon purchase of the following assets: AAPC Class A shares, AAPC Class B shares, Academy Financial Assets LLC, Global Insurance Capital LLC, Atlas Financial Investments LLC, Augusta Asset Management, CAF I, CMC Holdings, Expro Group, Fortrex, and UKAT (collectively, "Proposed Trust Assets"); (ii) where relevant, any documentation evidencing subsequent changes in the legal title among the various Lindberg Entities up to the time of the intended transfer of the Proposed Trust Assets to the PBLA ULICO Trust; (iii) any assignment evidencing the transfer to the PBLA ULICO Trust that have not already been provided (specifically for Augusta Asset Management and CAF I); (iv) the source of funds used for the purchase of the Proposed Trust Assets; (v) who determined that additional assets should be contributed to the PBLA ULICO Trust and how that determination was made; and (vi) how and why it was determined that the particular Proposed Trust Assets should be contributed the PBLA ULICO Trust;
s) All leasehold and freehold agreements;
t) Records concerning any security interests in or encumbrances against any of the Debtors' assets;
u) Records concerning current loan servicing and rent positions, and supporting records since January 1, 2018;
v) Tax returns and regulatory filings made by any of the Debtors;

w) Contact details for key parties including, *inter alia,* property management, listing agents, property landlords and occupants, together with insurance distributors;
x) All notices of default sent or received by any of the Debtors;
y) All legal documents sent or received by any of the Debtors including any communications threatening to take legal action;
z) Records concerning counterparties in which the Debtors have a beneficial interest in, or are an agent or custodian with respect thereto, including documents concerning the financial condition and tax identification numbers of all such counterparties;
aa) Records concerning loan information including descriptions, types, ratings, loan identification numbers, documents concerning agency, collateral assignees, borrowers;
bb) Records concerning any meetings held between or among the Debtors, Eli Global, Global Growth or any other of the Lindberg Entities since January 1, 2018;
cc) All correspondence including email correspondence between the Debtors, their lawyers or any third party or any of the Lindberg Entities regarding the assets, liabilities, trading, formation and management of the Debtors; and
dd) All of the Debtors' legal files in respect of any and all litigation either taken by or against the Debtors since January 1, 2018;
ee) Any other books and records of any Debtor.

01/08/2021 SL1 1672624v2 114825.00001