**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PB LIFE AND ANNUITY CO., LTD., *et al.*,[1]<br><br>            Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 20-12791 (LGB)<br><br>(Jointly Administered) |

**ORDER SETTING SCHEDULE AND ADJOURNING HEARING ON MOTION
FOR A FURTHER ORDER COMPELLING TURNOVER OF BOOKS
AND RECORDS AND ATTORNEY FILES PURSUANT TO
11 U.S.C. §§ 105, 542, 1519(a)(3), 1521(a)(4) & 1521(a)(7)**

Upon the motion dated May 3, 2021 (the "Motion")[2] of Rachelle Frisby and John Johnston of Deloitte Ltd. ("Deloitte"), in their capacities as the joint provisional liquidators and authorized foreign representatives ("Petitioners" or "JPLs") for PB Life and Annuity Co., Ltd. ("PBLA"), Northstar Financial Services (Bermuda) Ltd. ("Northstar") and Omnia Ltd. ("Omnia", together with PBLA and Northstar, the "Debtors"), in provisional liquidation and liquidation currently pending before the Supreme Court of Bermuda (the "Bermuda Court"), Companies (Winding Up) Commercial Court, 2020: No. 306, 304 and 305, respectively (the "Bermuda Proceedings"), by and through their undersigned counsel, for the entry of an Order (i) compelling Greg E. Lindberg, Global Growth (f/k/a Eli Global) or any non-debtor entity potentially affiliated with Greg E. Lindberg, Global Growth and/or the Debtors (collectively, the "Lindberg Entities") to turn over all of the books and records of each and all of the Debtors in the custody,

---

[1] PB Life and Annuity Co., Ltd., Northstar Financial Services (Bermuda) Ltd., Omnia Ltd. and PB Investment Holdings Ltd., foreign Debtors, are Bermuda limited companies which each have a registered address in Bermuda c/o Deloitte Ltd., Corner House, 20 Parliament Street, Hamilton HM 12, Bermuda, and are Jointly Administered for procedural purposes, by Order of this Court entered on April 2, 2021, ECF No. 42.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

control and possession of the Lindberg Entities as required pursuant to the *Order Compelling Turnover of Books and Records and Attorney Files Pursuant to 11 U.S.C. §§ 105, 542, 1519(a)(3), 1521(a)(4) & 1521(a)(7)* [Docket No. 37] entered by this Court on January 14, 2021 (the "Turnover Order"), (ii) determining that the JPLs own any and all claims of attorney-client and work-product privilege that may be asserted by or on behalf of the Debtors, (iii) requiring that, to the extent any legitimate privileges not now owned by the JPLs are asserted, a privilege log or logs compliant with Local Bankruptcy Rule 7034-1(c) be provided to the JPLs, (iv) compelling the law firms of Condon Tobin Sladek Thornton ("Condon") and Law Offices of Charles A. Gruen (together with Condon, the "Law Firms") to turn over to the JPLs all the Debtors' files, however maintained and stored (including all privileged communications) by the Law Firms as required pursuant to the Turnover Order, (v) requiring that Greg E. Lindberg, the Lindberg Entities, and the Law Firms each execute a certification affirming under applicable penalties of perjury the completeness of the productions, and (vi) granting such other relief as is just and proper; upon the Supplemental Declaration of Rachelle Frisby submitted in support of the Motion; upon the Declaration of Mark Diel submitted in support of the Motion; upon the Response in Opposition to the Motion (the "Opposition") [Docket No. 52] filed on behalf of the Law Firms, Lindberg and Global Growth Holdings, Inc. ("Global Growth," together with the Law Firms and Lindberg, the "Respondents"); upon the Reply in Further Support of the Motion and supporting Declarations (the "Reply") [Docket Nos. 63 and 64]; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1410; notice of the Motion having been adequate and appropriate under the

2

circumstances; and upon the hearing held before this Court on June 24, 2021; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED** that:

1. The hearing to consider the Motion is adjourned to **July 28, 2021 at 10:00 a.m. (Prevailing Eastern Time) (the "Adjourned Hearing")**.

2. Any and all attorney-client privilege that may be asserted by or on behalf of the Debtors only belongs to the JPLs and as such, no other party may assert such a privilege. On or before **July 14, 2021**, all documents, electronically stored information ("ESI"), or other verbal or written correspondence (collectively, the "ESI/Documents") withheld solely on the grounds of the Debtors' attorney-client privilege must be turned over to the JPLs.

3. Any and all work-product privilege that may be asserted by or on behalf of the Debtors, as a client, belongs to the JPLs and as such, no other party may assert such a client privilege, subject to the Court's further findings at the Adjourned Hearing.

4. On or before **July 14, 2021**, in the event the Respondents continue to withhold documents previously identified on their privilege logs, the Respondents shall amend their privilege logs to comply with Local Bankruptcy Rule 7034-1(c) and paragraph 4 of the Turnover Order, as follows:

   (a) All ESI/Documents whereby attorney-client privilege is asserted on behalf of the Debtors only shall be removed, and all such ESI/Documents, previously withheld solely on the assertion of the Debtors' attorney-client privilege, shall be produced to the JPLs on or before said date;

   (b) As to all ESI/Documents concerning or otherwise pertaining to the following matters:

   PB Life and Annuity Co. Ltd. f/k/a Private Bankers Life and Annuity Co., Ltd. v.

27447261v1 92132.127.02

Universal Life Insurance Company, *No. 1:20-cv-02284-LJL*, Southern District of New York, the ongoing appeal captioned as <u>PB Life and Annuity Co. Ltd. f/k/a Private Bankers Life and Annuity Co., Ltd. v. Universal Life Insurance Company</u>, *No. 20-3122*, Second Circuit Court of Appeals, or the underlying arbitration, <u>In the Matter of the Arbitration Between: Universal Life Insurance Company v. PB Life and Annuity Co. Ltd. f/k/a Private Bankers Life and Annuity Co., Ltd.</u> (collectively, the "ULICO Litigation"), the Privilege Logs shall be amended to (i) identify ESI/Documents prepared specifically for the ULICO Litigation, (ii) explain why each of the ESI/Documents in question were prepared in contemplation of the ULICO Litigation, (iii) provide additional information describing the nature of the ESI/Documents to allow the JPLs to assess the attorney work-product claim, and (iv) include a separate column explaining why the ULICO Litigation ESI/Documents are still being withheld by the Law Firms on the basis of attorney work-product privilege;

(c) As to all ESI/Documents concerning or otherwise pertaining to the matter styled <u>Southland National Insurance Corporation in Rehabilitation, Bankers Life Insurance Company, in Rehabilitation, Colorado Bankers Life Insurance Company, in Rehabilitation, and Southland National Reinsurance Corporation, in Rehabilitation v. Greg E. Lindberg, Academy Association, Inc., Edwards Mill Asset Management, LLC, and Private Bankers Life and Annuity Co., Ltd. a/k/a PB Life and Annuity Company, Ltd.</u>, *Gen. Court of Justice, Superior Court Division (Wake County), No. 19 CVS 013093* (the "NC Litigation"), the Privilege Logs shall be amended to (i) identify ESI/Documents concerning the NC Litigation, (ii) identify the entity or entities on whose behalf the ESI/Document was prepared, (iii) for documents withheld as attorney work-product,

4

explain why each of the ESI/Documents in question were prepared in contemplation of the NC Litigation, (iv) provide additional information describing the nature of the ESI/Documents to allow the JPLs to assess the attorney work-product or privilege claims, and (v) include a separate column explaining why the NC Litigation ESI/Documents are still being withheld by the Law Firms on the basis of attorney work-product privilege, or attorney-client privilege that may be asserted by a party to the NC Litigation other than the Debtors and were not turned over to the JPLs at the time the Law Firms' representation of PBLA ceased.

5. On or before **July 23, 2021**, the Respondents shall complete an additional review of all ESI/Documents in their respective custody, control or possession and produce any additional ESI/Documents not previously produced, belonging to the Debtors or required to be produced pursuant to the Turnover Order and identified in the JPLs' Reply. On that same date, the Respondents shall file a written response to the JPLs' Reply, with an explanation as to why all ESI/Documents within any of the following categories of documents relating to any of the Debtors never existed, were never in their custody, control, or possession, or no longer are within their custody, control or possession, and the circumstances surrounding same:

(a) Financial records of the Debtors, including general ledgers, balance sheets, profit and loss statements, and income statements for each of the Debtors;
(b) Loan files and due diligence records documenting each of the loans issued and assets held by the Debtors;
(c) Financial statements issued by, and valuations and appraisals relating to, Debtors' counterparties and their assets, including but not limited to any and all valuations conducted by Duff & Phelps and HR Ratings;
(d) Insurance policies held or written by the Debtors;
(e) Any and all BitLocker Recovery Keys necessary to access hardware belonging to the Debtors;
(f) All documents concerning the Debtors' loans or other investments in any or all of AGH Parent LLC (Agera), Paradigm Park Holdings, LLC (PPH), AAPC Holdings LLC (AAPC), and UKAT Group (UKAT);

5

   (g) Any and all documents, bank records, wire transfers, cancelled checks, intercompany transfers or other records to determine the location of cash assets related to the Debtors' respective businesses and trust accounts;
   (h) Due diligence reports related to the Debtors' investments;
   (i) Analysis into the viability of the investments;
   (j) Historical financial statements of the investments, audited or otherwise;
   (k) Projections of the potential investments;
   (l) Debtors' Board minutes discussing and approving the investments;
   (m) Fully executed documentation evidencing the initial investment and subsequent signed assignments;
   (n) Documents evidencing legal title to the investment such as the original share certificates (both preference and common), sale purchase agreements, finalized loan agreements, real estate title deeds;
   (o) Registers of directors and signing authorities for LLC holding companies containing real estate;
   (p) Investment performance analysis such as quarterly/annual financial statements audited or otherwise, dividend schedules, and interest reconciliations;
   (q) Bank statements showing interest payments / dividends received and paid (if applicable);
   (r) Documentation relating to the disposal of investments such as sale purchase agreements and updated share certificates.

6. The Turnover Order remains in full force and effect.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  July 6, 2021
         New York, New York

                                                  **/s/ Lisa G. Beckerman**
                                           UNITED STATES BANKRUPTCY JUDGE

27447261v1 92132.127.02