**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PB LIFE AND ANNUITY CO., LTD., *et al.*,[1]<br><br>    Debtors in Foreign Proceedings. | Chapter 15<br><br> Case No. 20-12791 (LGB)<br>(Jointly Administered) |
| UNIVERSAL LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br>v.<br><br>GLOBAL GROWTH HOLDINGS, INC., ELI GLOBAL, LLC, GREG E. LINDBERG, individually, UBS FINANCIAL SERVICES, INC., TREATMENT RESOURCES OF MARGATE, INC., ALPINE CAPITAL, LLC, ITECH FUNDING, LLC, STANDARD FINANCIAL LIMITED, ACADEMY FINANCIAL ASSETS, LLC, ATLAS FINANCIAL INVESTMENTS, LLC, CAPITAL ASSET MANAGEMENT I, LLC, GLOBAL INSURANCE CAPITAL, LLC, STANDARD ADVISORY SERVICES LTD, TRITON FINANCIAL LIMITED, HUTCHISON LAW GROUP PLLC, SATORI WATERS, LLC, CSI INTERCO, LLC, FORSYTH LLC, KITE ASSET MANAGEMENT INC, CARNATION THREE, LLC, FLOWERY BRANCH, LLC, GOLDMAN SACHS BANK USA, MORGAN STANLEY SENIOR FUNDING, LLC, VERDESIAN LIFE SCIENCES, LLC, GOLDMAN SACHS LENDING PARTNERS, LLC, CREDIT SUISSE AG CAYMAN ISLAND BRANCH, AGH PARENT, LLC, DAISY SEVEN, LLC, DAHLIA TEN, LLC, TYBEE ISLAND ASSET MANAGEMENT, INC., AUGUSTA ASSET MANAGEMENT, INC., PERSHING, LLC, MACON, LLC, PARALLEL CAPITAL ASSETS, LLC, CAPITAL ASSET | Adv. Proc. No.<br><br>**<u>JURY TRIAL DEMANDED</u>** |

---

[1] PB Life and Annuity Co., Ltd., Northstar Financial Services (Bermuda) Ltd., Omnia Ltd. and PB Investment Holdings Ltd., foreign Debtors, are Bermuda limited companies which each have a registered address in Bermuda c/o Deloitte Ltd., Corner House, 20 Parliament Street, Hamilton HM 12, Bermuda, and are Jointly Administered for procedural purposes, by Order of this Court entered on April 2, 2021, ECF No. 42.

MANAGEMENT II, LLC, STANDARD
INVESTMENT CAPITAL, LTD, NEW ENGLAND
CAPITAL, LLC, GLOBAL BANKERS
INSURANCE GROUP LLC, REVOLVERCAP
PARTNERS FUND, LP, CAPITAL ASSETS
MANAGEMENT III, LLC, BLH CAPITAL, LLC,
NETHERLANDS INSURANCE HOLDINGS, INC,
IRON CITY ASSET MANAGEMENT, INC.,
HAMPTON ASSET MANAGEMENT , INC,
JACKSON ASSET MANAGEMENT, INC, CHRIS
HERWIG, BRYN MAWR TRUST COMPANY,
BEGONIA EIGHT, LLC, GBI GROUP, LLC, GBIG
CAPITAL, LLC, GBIG HOLDINGS, INC., and
DOES 1 through 10, inclusive

        Defendants.

## ADVERSARY PROCEEDING COMPLAINT

Plaintiff, Universal Life Insurance Company ("ULICO"), respectfully alleges as follows
to the best of its knowledge, information, and belief, formed after an inquiry reasonable under
the circumstances:

### <u>Nature of the Action</u>

1.    This case arises out of a massive fraudulent scheme devised by Defendant Greg E.
Lindberg and co-conspirators.  Lindberg, his associates, and a large number of affiliated
corporate entities conspired to transfer hundreds of millions of dollars of the assets from a trust
created to reinsure claims made by people who purchased annuities and life insurance policies
from a Puerto Rican insurer named Universal Life Insurance Company ("ULICO"), the plaintiff
in this case.

2.    Lindberg, the ultimate owner of Private Bankers Life & Annuity Co., Ltd.
("PBLA"), caused PBLA to enter into reinsurance and trust agreements with ULICO on June 30,
2017.

3.      Under those agreements, PBLA was to reinsure certain life insurance and annuities ULICO had issued to its policyholders.  The trust was endowed by ULICO with sufficient assets to meet 105% of the relevant statutory reserves for the reinsured policies.  PBLA was given the right to manage the investment of those trust assets, subject to strict investment guidelines.  PBLA was allowed to keep amounts in excess of certain thresholds above the reserve requirements, if it was successful in the investment of the trust assets.  However, PBLA was also required to inject assets into the trust in the event that it was unsuccessful in maintaining the requisite premium over the reserve requirements.

4.      Lindberg entered into a personal guaranty of PBLA's obligations to maintain the trust values required in the reinsurance and trust agreements.  As the ultimate owner of PBLA, Lindberg also stood to benefit from the receipt of funds obtained by PBLA in the event that its investment strategy generated returns sufficient to exceed the reserve requirements set forth in the reinsurance and trust agreements.

5.      The centerpiece of the conspiracy set forth in this complaint was the monetization of valuable assets held in the trust, then the transfer of cash from the trust first to the Debtor, PBLA, and then to other entities controlled by Lindberg.  Those transfers were principally disguised as debt instruments between PBLA and Lindberg-controlled limited liability companies and corporations that lacked economic substance.  Those transactions were really for the purpose of enriching Lindberg and his co-conspirators.  The point was to create the illusion that Lindberg was a successful self-made billionaire, to strip the trust of its assets, and to defraud, hinder, and delay the Plaintiff, ULICO, as PBLA's principal creditor.

6.      Lindberg sought to hide this conspiracy from regulators by conspiring to bribe the North Carolina Insurance Commissioner with $2 million in payments.  A jury in the United

States District Court for the Western District of North Carolina found Lindberg guilty of those charges. The district court there sentenced Lindberg to a term of imprisonment of more than seven years. Lindberg is currently in the custody of the United States Bureau of Prisons serving out his sentence in a federal prison in Alabama.

7.      The Lindberg scheme was implemented through a dizzying array of front corporations and limited liability companies contrived to create maximum confusion and a lack of transparency. Those entities were all alter egos of Lindberg and each other. The point was to hide the shell game that was on-going where money was transferred from one bogus Lindberg entity to the next, then to another, and then to another. At each step, the Lindberg entities would agree to pay each other lucrative interest rates to inflate the apparent economic success of the Lindberg empire. In reality, it was all a confidence game where all of these entities acted as alter egos of Lindberg behind a veil of smoke and mirrors. This case seeks to lift that veil and to obtain justice for the people and organizations Lindberg and his co-conspirators have defrauded.

8.      ULICO was a creditor of PBLA from the time of the initial voidable transfer. As of the time of this complaint ULICO has a final, and unsatisfied, judgment in its favor against ULICO in the amount of $524,009,051.26 plus interest.

9.      ULICO, as PBLA's largest creditor, has requested that the Joint Provisional Liquidators (the "JPLs") of PBLA institute litigation to void the transfers at issue in this case, but to date the JPLs have declined to pursue those claims.

10.     Accordingly, ULICO has standing to pursue the voidable transfer claims, among others, at issue in this case.

**Procedural History**

11.     On September 18, 2020, the Bermuda Monetary Authority presented a petition to

the Supreme Court of Bermuda (the "Bermuda Court") to, *inter alia,* wind up the PB Life &

Assurance Co ("Debtor" or "PBLA") and to appoint Rachelle Frisby and John Johnston of

Deloitte as Joint Provisional Liquidators of the Debtor. By order dated September 25, 2020 (the

"Bermuda Order"), the Bermuda Court appointed the JPLs as duly authorized foreign

representatives of the Debtor.

12.     On December 3, 2020 (the "Petition Date"), the JPLs commenced the "Chapter 15

Case" by filing the Verified Petition for relief under chapter 15 of title 11 of the United States

Code, 11 U.S.C. § 101 *et seq.*, as amended (the "Bankruptcy Code").

13.     On January 5, 2021, this Court entered an order granting recognition of the

Bermuda Proceeding as a foreign main proceeding under section 1517 of the Bankruptcy Code

(the "Recognition Order").

14.     The Recognition Order specifically provides, "[a]ll provisions of section 1520 of

the Bankruptcy Code apply in these Chapter 15 Cases, including, without limitation, the stay

under section 362 of the Bankruptcy Code throughout the duration of these Chapter 15 Cases or

until otherwise ordered by this Court." *See* Recognition Order at ¶3.

**Parties**

15.     Plaintiff Universal Life Insurance Company ("ULICO") is an insurance company

created by the law of the United States unincorporated territory of Puerto Rico with its principal

place of business in Puerto Rico.

16.     Defendant Global Growth Holdings, Inc. ("Global Growth") is a Delaware

corporation with its principal place of business in North Carolina.  It controls a portfolio of

companies ultimately owned and controlled by Greg E. Lindberg. Prior to the filing of the

Chapter 15 Case, this portfolio included PBLA.  Global Growth is an alter ego of Lindberg and

Eli Global.

17.    Defendant Greg E. Lindberg is a resident of Nevada.  He is the ultimate beneficial

owner of PBLA. PBLA is owned 100% by PBX Bermuda Holdings, Ltd. PBX Bermuda

Holdings, Ltd. is in turn owned 100% by PBX Holdings, LLC. Mr. Lindberg holds a 100%

ownership interest in PBX Holdings, LLC.  Lindberg is an alter ego of Global Growth and Eli

Global.

18.    Defendant Chris Herwig is a resident of North Carolina.  He was the Chief

Investment Officer and Portfolio Manager for El Global, LLC.  Chris Herwig at various times

assisted Lindberg with his conspiracy to defraud ULICO.

19.    Defendant Eli Global, LLC ("Eli Global") is a limited liability in which Lindberg

is the sole member.  Eli Global controls a portfolio of companies ultimately owned and

controlled by Greg E. Lindberg. Prior to the filing of the Chapter 15 Case, this portfolio included

PBLA.  Eli Global is an alter ego of Lindberg and Global Growth.

20.    Defendant Treatment Resources of Margate, Inc. was a Florida corporation that is

listed as inactive.  It either has no principal place of business, or it is located in Florida.  Its

registered agent is listed as Douglas O'Keefe, Esq. at 6831 NW 21st Avenue, Suite 100, Fort

Lauderdale, FL 33309.

21.    Defendant Alpine Capital, LLC ("Alpine Capital") is a North Carolina limited

liability company with a principal place of business located at 2222 Sedwick Road Durham, NC

27713-4446.  It has no members who are citizens of Puerto Rico.  The 2021 annual report that is

filed with the state of North Carolina lists Christopher Herwig as manager.  The prior 2019 annual report listed Greg Lindberg as the manager.

22.     Defendant Itech Funding, LLC is an Arizona limited liability company with its principal place of business in Durham County, North Carolina.  It has no members who are citizens of Puerto Rico.  At all times it is believed that Greg Lindberg was the manager of the company.

23.     Defendant Standard Financial Limited ("Standard Financial") is a Malta based limited company located at 171 Old Bakery Street, Valletta, Malta.  Lindberg is listed as a director of the company and Standard Financial is an affiliate of PBLA and the other Lindberg-controlled entities. At various times Standard Financial received certain sums ultimately transferred from the trust, through PBLA.

24.     Defendant Academy Financial Assets, LLC is a North Carolina limited liability company with a principal place of business located at 2222 Sedwick Road Durham, NC 27713-4446.  The 2021 annual report that is filed with the state of North Carolina lists Border Credit Advisors, LLC as a manger and Christa Miller as Chief Financial Officer. The prior 2019 annual report lists Tom Norton as manager and Greg Lindberg as managing member.  It has no members who are citizens of Puerto Rico.

25.     Defendant Atlas Financial Investments, LLC is North Carolina limited liability company, with a principal place of business located at 2222 Sedwick Road Durham, NC 27713-4446.  Greg Lindberg is listed as a member. It has no members who are citizens of Puerto Rico.

26.     Defendant Capital Asset Management I, LLC is a North Carolina limited liability company with its principal office located in Durham County, North Carolina.  It has no members who are citizens of Puerto Rico.

27.     Defendant Global Insurance Capital, LLC is listed as a merged company that was formed on February 20, 2017 with a principal place of business located at 2222 Sedwick Road Durham, NC 27713-4446.  Greg Lindberg is listed as a member. It has no members who are citizens of Puerto Rico.

28.     Defendant Standard Advisory Services, Ltd is a Malta-based limited company with a registered address at Orange Point, Dun Karm Street, Birkirkara, Malta.

29.     Defendant Triton Financial Limited is an Irish limited company with its registered office address at 10 Clanwilliam Square, Grand Canal Dock, Dublin 2 Ireland.

30.     Defendant Hutchison Law Group, PLLC is a North Carolina professional limited liability company located at 3110 Edwards Mill Road, Suite 300, Raleigh, NC 27612.  It has no members who are citizens of Puerto Rico.

31.     Defendant Satori Waters, LLC is a Florida limited liability company with its principal place of business at 6831 NW 20th Avenue, Fort Lauderdale, FL 33309-1505. It has no members who are citizens of Puerto Rico.

32.     Defendant CSI Interco, LLC is a North Carolina limited liability company with its principal place of business located at 2222 Sedwick Road Durham, NC 27713.  The 2021 annual report filed with the state of North Carolina lists Vishal Kumar and Christa Miller as managers. The prior 2019 annual report listed Greg Lindberg as the managing member.  It has no members who are citizens of Puerto Rico.

33.     Defendant Forsyth LLC is a North Carolina limited liability company with its principal place of business located at 2222 Sedwick Road Durham, NC 27713.  The 2021 annual report filed with the state of North Carolina lists Greg Lindberg as a member.  It has no members who are citizens of Puerto Rico.

34.     Defendant Kite Asset Management Inc. is a Delaware limited liability company with its principal office in Durham County, North Carolina.  It has no members who are citizens of Puerto Rico.

35.     Defendant Carnation Three, LLC is a North Carolina limited liability company with its principal place of business located at 2222 Sedwick Road Durham, NC 27713.  The 2021 annual report filed with the state of North Carolina lists Greg Lindberg as a member.  It has no members who are citizens of Puerto Rico.

36.     Defendant Flowery Branch, LLC is a North Carolina limited liability company with its principal place of business located at 2222 Sedwick Road Durham, NC 27713.  The 2021 annual report filed with the state of North Carolina lists Greg Lindberg as a member.  It has no members who are citizens of Puerto Rico.

37.     Defendant Verdesian Life Sciences, LLC is a North Carolina limited liability company with a principal place of business located at 1001 Winstead Drive, Suite 490 Cary, NC 27513-2117.  It has no members who are citizens of Puerto Rico.

38.     Defendant AGH Parent, LLC is a Delaware limited liability company, and Greg Lindberg is member.  It has no members who are citizens of Puerto Rico.

39.     Defendant Daisy Seven, LLC is a North Carolina limited liability company with its principal place of business located at 2222 Sedwick Rd. Durham, NC 27713-2655.  The 2021 annual report lists Greg Lindberg as a member.  It has no members who are citizens of Puerto Rico.

40.     Defendant Dahlia Ten, LLC is a North Carolina limited liability company with its principal place of business located at 2222 Sedwick Rd. Durham, NC 27713-2655.  The 2021

annual report lists Greg Lindberg as a member.  It has no members who are citizens of Puerto Rico.

41.    Defendant Tybee Island Asset Management, LLC is a Delaware limited liability company.  It has no members who are citizens of Puerto Rico.

42.    Defendant Augusta Asset Management, Inc. is a Delaware limited liability company.  It has no members who are citizens of Puerto Rico.

43.    Defendant Pershing, LLC is a North Carolina limited liability company with a principal place of business located at One Pershing Plaza Jersey City, NJ 07399.  It has no members who are citizens of Puerto Rico.

44.    Defendant Macon, LLC is a North Carolina limited liability company with its principal place of business located at 2222 Sedwick Rd. Durham, NC 27713-2655.  The 2021 annual report lists Greg Lindberg as a member.  It has no members who are citizens of Puerto Rico.

45.    Defendant Parallel Capital Assets, LLC is a North Carolina limited liability company with its principal place of business located at 2222 Sedwick Rd. Durham, NC 27713-2655.  The 2021 annual report filed with the state of North Carolina lists Christa Miller as the Chief Financial Officer and Border Credit Advisors, LLC as the manager. The prior 2019 annual report filed with the state of North Carolina listed Greg Lindberg as the managing member.  It has no members who are citizens of Puerto Rico.

46.    Defendant Capital Assets Management II, LLC is a North Carolina limited liability company with a principal place of business located at 2222 Sedwick Rd. Durham, NC 27713-2655.  The 2021 annual report filed with the state of North Carolina lists Christa Miller as the Chief Financial Officer. The prior 2019 annual report filed with the state of North Carolina

listed Greg Lindberg as the managing member.  It has no members who are citizens of Puerto Rico.

47.    Defendant Standard Investment Capital, Ltd is a Malta-based limited company with a registered address at Orange Point, Dun Karm Street, Birkirkara, Malta.

48.    Defendant New England Capital LLC is a North Carolina limited liability company with its principal place of business located at 2222 Sedwick Rd. Durham, NC 27713-2655.  The 2019 annual reports filed with the state of North Carolina listed Greg Lindberg as a member.  The most recent 2021 annual report, lists Christa Miller as Chief Financial Officer and Border Credit Advisors, LLC as a Manager.  It has no members who are citizens of Puerto Rico.

49.    Defendant Global Bankers Insurance Group, LLC ("Global Bankers Insurance Group") is a North Carolina limited liability company, which was previously registered as Colorado Benefits Administrators, LLC.  Global Bankers Insurance Group has a principal place of business located at 2327 Englert Dr., Durham, NC 27713.  The 2019 annual report filed with the state of North Carolina listed Greg Lindberg and CBX, LLC as members, and Tamre Edwards as the Executive Officer.  It has no members who are citizens of Puerto Rico.

50.    Defendant RevolverCap Partners Fund, LP is a New York limited partnership with its principal office located at 1120 6th Avenue, Suite 15, New York, New York 10036.  It has no partners who are citizens of Puerto Rico.

51.    Defendant Capital Assets Management III, LLC is a North Carolina limited liability company with a principal place of business located at 2222 Sedwick Rd. Durham, NC 27713-2655.  Prior to 2019, Greg Lindberg was listed as the managing member.  It has no members who are citizens of Puerto Rico.

52.     Defendant BLH Capital, LLC is a North Carolina limited liability company that was later merged into an unknown entity, with a principal place of business located at 2222 Sedwick Rd. Durham, NC 27713-2655.  Greg Lindberg is listed as a member.  It has no members who are citizens of Puerto Rico.

53.     Defendant Netherlands Insurance Holdings, Inc. is a dissolved North Carolina company with a principal place of business located at 2222 Sedwick Rd. Durham, NC 27713-2655.

54.     Defendant Iron City Asset Management, Inc. is a Delaware limited liability company with its principal place of business in North Carolina.

55.     Defendant Hampton Asset Management, Inc. is a Delaware Limited Liability Company, with its principal place of business in North Carolina.

56.     Defendant Jackson Asset Management, Inc. is a Delaware Limited Liability Company with its principal office in North Carolina.

57.     Defendant GBI Group, LLC is a North Carolina holding company with its principal place of business located at 2222 Sedwick Road Durham, NC 27713-4446.  Greg Lindberg is the Manager.  It has no members who are citizens of Puerto Rico.

58.     Defendant GBIG Capital LLC, is a North Carolina holding company with its principal place of business located at 2222 Sedwick Road Durham, NC 27713-4446. GBIG Capital, LLC was previously named SNA Capital, LLC. Greg Lindberg is the manager. It has no members who are citizens of Puerto Rico.

59.     Defendant GBIG Holdings, Inc. is a North Carolina holding company with its principal place of business located at 2222 Sedwick Road Durham, NC 27713-4446.  GBIG

Holdings, Inc. was previously named Southland National Holdings, Inc. Greg Lindberg is the President.

60.    Defendant Begonia Eight, LLC is a North Carolina limited liability company with its principal place of business located at 2222 Sedwick Road Durham, NC 27713-4446.  Greg Lindberg is listed as a Member. It has no members who are citizens of Puerto Rico.

61.    The above listed Defendants are all affiliates of Lindberg ("Lindberg Affiliates"). and alter egos of Lindberg, each other, and other corporate entities owned and controlled by Lindberg.

62.    At one point each of the Lindberg Affiliates received disbursements from the Trust, as directed by PBLA.

63.    Defendant UBS Financial Services, Inc., is a broker-dealer regulated by the U.S. Security and Exchange Commission and incorporated in the state of Delaware, with its principal place of business in New York.  At various times, UBS Financial Services, Inc. acted as a conduit and received funds transferred from the Trust, before such funds were transferred to various Lindberg Affiliates and other entities or individuals.

64.    Defendant Goldman Sachs Lending Partners, LLC is a Delaware limited liability company.  It has no members who are citizens of Puerto Rico.  At various times, Goldman Sachs Lending Partners, LLC acted as a conduit and received funds transferred from the Trust, before such funds were transferred to various Lindberg Affiliates and other entities or individuals.

65.    Defendant Credit Suisse AG Cayman Island Branch ("CS") is a Swiss corporate entity with its principal place of business in the British Overseas Territory of the Cayman Islands.  It specializes in the business of security brokers, dealers & flotation companies.  At

various times, CS acted as a conduit and received funds transferred from the Trust, before such funds were transferred to various Lindberg Affiliates and other entities or individuals.

66.    Defendant Goldman Sachs Bank USA ("Goldman Sachs Bank") together with its consolidated subsidiaries is a New York State-chartered bank and a member of the Federal Reserve System.  The Goldman Sachs Bank is a wholly-owned subsidiary of The Goldman Sachs Group, Inc.  At various times, Goldman Sachs Bank acted as a conduit and received funds transferred from the Trust, before such funds were transferred to various Lindberg Affiliates and other entities or individuals.

67.    Defendant Morgan Stanley Senior Funding, Inc. is a Delaware corporation with its principal place of business located in New York.  At various times, Morgan Stanley Senior Funding, Inc. acted as a conduit and received funds transferred from the Trust, before such funds were transferred to various Lindberg Affiliates and other entities or individuals.

68.    The Bryn Mawr Trust Company is a Pennsylvania bank. At various times, Bryn Mawr Trust Company acted as a conduit and received funds transferred from the Trust, before such funds were transferred to various Lindberg Affiliates and other entities or individuals.

69.    At one point, each of the above listed bank Defendants ("Conduit Defendants") acted as conduits for PBLA in facilitating the transfers of the Trust Proceeds to the various Lindberg Affiliates.

## **Jurisdiction and Venue**

70.    This Court has jurisdiction over this matter under 28 U.S.C. § 1334 as this adversary proceeding is "related to" to the main case, *In re PB Life and Annuity Co., Ltd.*, Case No. 20-12791, subject to the Recognition Order under Chapter 15 of the Bankruptcy Court.  This matter was properly referred to this Court pursuant to 28 U.S.C. § 157 and the *Amended*

- 13 -

*Standing Order of Reference* from the United States District Court for the Southern District of

New York, dated as of January 31, 2012, Reference M-431, *In re Standing Order of Reference*

*Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.).

71.     This Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1332

because there is complete diversity of citizenship between ULICO and all of the defendants.

72.     This Court has expressly retained jurisdiction over the subject matter of this

adversary proceeding pursuant to the Recognition Order.

73.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1410.

74.     The statutory predicate for the Adversary Proceeding is 11 U.S.C. §§ 1520, 362,

and 541.

### Relevant Background

**A.     Creation of the Trust Agreements and Trust Accounts**

75.     On or about June 30, 2017, PBLA and ULICO entered into a

coinsurance/reinsurance agreement (the "Reinsurance Agreement") whereby PBLA agreed to

reinsure certain policies issued by ULICO.

76.     The Reinsurance Agreement required PBLA to fund certain trust accounts

(collectively referred to as "PBLA ULICO 2017" or "Trust") as security for the insurance

liabilities covered under the Reinsurance Agreement.

77.     The Reinsurance Agreement assigned Wilmington Trust as the Trustee to PBLA

ULICO 2017.

78.     Broadly, PBLA was to reinsure certain policy responsibilities of ULICO.  Those

reinsurance obligations were collateralized through the Trust.  An investment manager was

appointed to manage the Trust assets consistent with the investment guidelines.  The Trust was to

have, at all times, at least 105% of ULICO's necessary statutory reserves.  In the event that the

assets in the Trust accounts exceeded the amount of required reserves, under certain circumstances, PBLA was entitled to withdraw those amounts in excess of the reserves required under the agreements.  In essence, PBLA was responsible to make sure that adequate funds were always available in the Trust in return for the ability to earn the upside of investing the trust assets in a manner that exceeded the amounts that were required to be in the Trust Accounts.

### B. Fraudulent Transfer History

79.    Subsequent to the time the funds were transferred to the Trust by ULICO, monies were transferred out of the Trust to affiliates owned by Lindberg and his various other corporate entities.  Those entities operate together as alter-egos as one another such that there is no legal distinction between those entities and Lindberg.

80.    Prior to the Bermuda Court's Order as to PBLA, PBLA under the direction of Lindberg, siphoned off more than $500 million of funds from the Trust (referred to as the "Trust Proceeds") to Lindberg and his affiliated entities in an effort to hinder, defraud and delay recovery to creditors, including ULICO.

81.    At one time, each of the named Defendants were recipients of such transfers from the Trust.

82.    PBLA engaged in those transactions with the specific intent of defrauding, hindering, and delaying its creditors, which consisted principally, or entirely, of ULICO.

83.    For example, several transactions were initiated on July 7, 2017, under the disguise of Loan and Security Agreements with various Lindberg affiliated entities.  In each of those transactions, several of which are listed below, PBLA, acted as a lender to loan money to certain entities, whereby the funds for the loans were withdrawn directly from the Trust.  The

below list is not exhaustive as it concerns those fraudulent transfers that occurred on July 7,

2017.

        a.   Loan to Carnation Three for $18,000,000.00;

        b.   Loan to Forsyth for $16,394,024.11;

        c.   Loan to Flowery Branch for $10,129,912.33;

84.     For each of the transactions listed above, Lindberg signed on behalf of PBLA (the

lender) and signed on behalf borrower affiliated entities.

85.     Additionally, on November 3, 2017, PBLA entered into a loan and security

agreement with Daisy Seven LLC, whereby PBLA loaned Daisy Seven, LLC $15,779,788.30.

86.     On November 7, 2017, PBLA entered into a loan and security agreement with

New England Capital, LLC, whereby PBLA loaned New England Capital, LLC $12,000,000.00.

87.     On December 6, 2017, PBLA acting as a co-lender along with Vista Life &

Casualty Reinsurance Company entered into a loan agreement with Augusta Asset Management,

Inc. for $35,000,000.00, whereby PBLA provided 68.57% share of the loan totaling

$24,000,000.00, all of which was withdrawn from the Trust on the same day.

88.     On December 28, 2017, PBLA entered into a loan and security agreement with

Begonia Eight, LLC, with Colorado Bankers Life Insurance Company acting as the agent,

whereby PBLA loaned $8,981,250.00 to Begonia Eight, LLC, all of which was withdrawn from

the Trust on the same day.

89.     Lindberg was a signatory for each of those transfers.

90.     The above transfers are only an example of some, but certainly not all, of the

fraudulent transfers that occurred beginning on July 7, 2017 and continued through December

31, 2018.

**Count I**
**Voidable Transfer**
*As to All Defendants*

91.　　Paragraphs 1 through 90 are incorporated and realleged here as if set forth in full.

92.　　PBLA, through the direction of Lindberg and Herwig entered into and executed hundreds of transactions withdrawing assets from the Trust and then loaned the Trust Proceeds to various affiliates of Lindberg with knowledge of the effect such transactions would have on the future creditors, mainly, ULICO.

93.　　Specifically, on July 7, 2017 disguised as loan and security agreements, PBLA loaned Trust Proceeds to various Lindberg affiliated entities.  The below list is not exhaustive as it concerns those fraudulent transfers that occurred on July 7, 2017.

    a.  Loan to Carnation Three for $18,000,000.00;

    b.  Loan to Forsyth for $16,394,024.11;

    c.  Loan to Flowery Branch for $10,129,912.33; and

    d.  Loan or Disbursement to Cygnet 002 Master Trust Series 2016-B for $17,895,923.23.

94.　　Additionally, on November 3, 2017, PBLA entered into a loan and security agreement with Daisy Seven LLC, whereby PBLA loaned Daisy Seven, LLC $15,779,788.30.

95.　　On November 7, 2017, PBLA entered into a loan and security agreement with New England Capital, LLC, whereby PBLA loaned New England Capital, LLC $12,000,000.00.

96.　　On December 6, 2017, PBLA acting as a co-lender along with Vista Life & Casualty Reinsurance Company entered into a loan agreement with Augusta Asset Management, Inc. for $35,000,000.00, whereby PBLA provided 68.57% share of the loan totaling $24,000,000.00, all of which was withdrawn from the Trust on the same day.

97.     On December 28, 2017, PBLA entered into a loan and security agreement with Begonia Eight, LLC, with Colorado Bankers Life Insurance Company acting as the agent, whereby PBLA loaned $8,981,250.00 to Begonia Eight, LLC, all of which was withdrawn from the Trust on the same day.

98.     The transactions noted above are merely examples of several that continued through December 31, 2018.

99.     All of the transactions, included those stated above, were conducted with the actual and specific intent to hinder, delay, or defraud ULICO and any related creditors.

100.    For each of the hundreds of transactions, ULICO did not receive reasonably equivalent value in exchange for the transfer, and PBLA was engaged in a transaction for which the remaining assets of the Trust were unreasonably small in relation to the transaction, and should reasonably believed at the time of each transaction that such transactions were beyond PBLA's ability to pay as such obligations became due.

101.    Each of the transfers that occurred were between PBLA (as instructed by Lindberg and Herwig) and a Lindberg affiliated entity, whereby each of the Lindberg affiliated entities acted as alter-egos of Lindberg himself.

102.    At all times, Lindberg was an insider to PBLA and each of the affiliated entities to which the Trust Proceeds were transferred.

103.    At all times, PBLA, a known affiliate of Lindberg, retained possession or control of the Trust Proceeds that were transferred from the Trust.

104.    At the time the fraudulent transactions occurred, ULICO was a creditor or became a creditor immediately after the first transaction occurred.

105.    The nature of each of the transactions were such that PBLA, through the direction

of Lindberg and Herwig, attempted to conceal the Trust Proceeds for the sole benefit of Lindberg

and his affiliated entities, and affiliated partners, including Chris Herwig.

## COUNT II
### Unjust Enrichment
*As to All Defendants*

106.    Paragraphs 1 through 105 are incorporated and realleged here as if set forth in

full.

107.    Defendants have received a benefit from the transfer of the Trust Proceeds at the

Plaintiff's expense.

108.    The Trust Proceeds rightfully belong to the equitable owners of the Trust,

ULICO.

109.    It is against equity and good conscience to permit Defendants to retain the Trust

Proceeds.

110.    The Defendants have been unjustly enriched at the Plaintiff's expense as a result

of fraudulent transfers of the Trust Proceeds.

111.    By reason of the foregoing, the Plaintiff is entitled to an order from this Court

instructing the Defendants to immediately turnover the Trust Proceeds.

## Count III
### Conversion
*As to the Lindberg Affiliates*

112.    Paragraphs 1 through 111 are incorporated and realleged here as if set forth in

full.

113.    ULICO is the equitable owner of the Trust Proceeds.

114.    The Lindberg Affiliates are alter-egos of Lindberg, have unlawfully and without authorization assumed and exercised dominion and control over the Trust Proceeds to the exclusion of the Trust and inconsistent with its right as the rightful owner.

115.    The Lindberg Affiliates' exercise of dominion and control over the Trust Proceeds has unjustifiably denied the Trust the right to use, consume, exploit, and profit from same.

116.    ULICO has demanded return of the Trust Proceeds.

117.    The Lindberg Affiliates have refused to return the Trust Proceeds to the Trust.

118.    By reason of the foregoing, ULICO, as the equitable owner of the Trust, is entitled to an order from this Court instructing Lindberg Affiliates to turn over the Trust Proceeds immediately.

**Count IV**
**Constructive Trust**
*As to All Defendants*

119.    Paragraphs 1 through 118 are incorporated and realleged here as if set forth in full.

120.    The Reinsurance Agreement provided the construction of a Trust, where at all times, a minimum reserve was to be maintained within the Trust, for the benefit of ULICO. ULICO, therefore, is the equitable owner and beneficiary of the Trust Proceeds pursuant to the Reinsurance Agreement.

121.    PBLA, through the guidance and direction of Lindberg, entered into and executed hundreds of transactions whereby withdrawing the Trust Proceeds from the Trust and then entered into various loans with the Defendants with knowledge of the effect such transactions

would have on the future creditors, and mainly, ULICO, with the actual and specific intent to

hinder, delay, or defraud ULICO and related creditors.

122.    As a result of the hundreds of transactions, over $500 million of Trust Proceeds

was wrongfully transferred from the Trust, at the detriment of ULICO, and any related creditors.

123.    Defendants had no equitable title or rights to the Trust Proceeds.

**Count V**
**Fraud**
*As to the Lindberg Affiliates*

124.    Paragraphs 1 through 123 are incorporated and realleged here as if set forth in

full.

125.    Lindberg, in concert with each of the Lindberg Affiliates, represented to ULICO

that PBLA would undertake its commitments under the Reinsurance Agreement and Trust

Agreement.  In fact, Lindberg and the Lindberg Affiliates made those misrepresentations

knowing that their true intent was to induce ULICO to place the trust assets under the control of

the Lindberg Affiliates, so the Lindberg Affiliates could convert them to their own use.

126.    ULICO acted in reliance on those false representations in placing the trust assets

under the control of PBLA, Lindberg, and the Lindberg Affiliates.

127.    ULICO has been damaged by the false representations because the Lindberg

Affiliates have stripped the assets of the trust in which ULICO held equitable title.

**Count VI**
**Breach of Fiduciary Duty**
*As to the Lindberg Affiliates*

128.    Paragraphs 1 through 127 are incorporated and realleged here as if set forth in

full.

- 21 -

129.    PBLA, acting as the alter-ego of Lindberg (the owner of PBLA) entered into the Reinsurance Agreement, which required PBLA to act as a fiduciary for the Trust, and to maintain the Trust for the benefit of ULICO.

130.    PBLA, as the alter-ego of Lindberg, breached its fiduciary duty by engaging in self-dealing transactions with Lindberg and failing to protect the Trust and ULICO's interest.

131.    As a result, ULICO has suffered substantial damages.

**WHEREFORE**, ULICO respectfully requests this Court enter an Order that:

a.    All transactions occurred on or around July 7, 2017 and continuing thereafter are deemed voidable, and Defendants must repay ULICO for each voidable transaction, plus applicable interest;

b.    ULICO to recover from Defendants damages in excess of $524,009,051.26, plus applicable interest;

c.    ULICO to recover post-judgment interest;

d.    ULICO to recover punitive damages; and

e.    Any such further relief as this Court deems just and proper.

### <u>Jury Demand</u>

Plaintiff, ULICO, demands trial by jury for all matters triable to a jury.

Dated: New York, New York
        July 6, 2021

Respectfully submitted,

**CLYDE & CO US LLP**

/s/ Christopher Carlsen
Christopher Carlsen
Clyde & Co US LLP
405 Lexington Avenue
16th Floor

New York, NY 10174
Tel: 212-710-3900
Christopher.Carlsen@clydeco.us

*Counsel for Plaintiff ULICO*

Clinton E. Cameron (*pro hac vice motions forthcoming*)
Meghan C. Dalton (*pro hac vice motions forthcoming*)
Clyde & Co US LLP
55 W. Monroe
Suite 3000
Chicago, IL 60603
Tel: 312-635-7000
Clinton.Cameron@clydeco.us
Meghan.Dalton@clydeco.us