**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PB LIFE AND ANNUITY CO., LTD., *et al.*,[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 20-12791 (LGB)<br><br>(Jointly Administered) |

**ORDER SETTING SCHEDULE AND ADJOURNING HEARING ON MOTION
FOR A FURTHER ORDER COMPELLING TURNOVER OF BOOKS
AND RECORDS AND ATTORNEY FILES PURSUANT TO
11 U.S.C. §§ 105, 542, 1519(a)(3), 1521(a)(4) & 1521(a)(7)**

Upon the motion dated May 3, 2021 (the "Motion")[2] of Rachelle Frisby and John Johnston of Deloitte Ltd. ("Deloitte"), in their capacities as the joint provisional liquidators and authorized foreign representatives ("Petitioners" or "JPLs") for PB Life and Annuity Co., Ltd. ("PBLA"), Northstar Financial Services (Bermuda) Ltd. ("Northstar") and Omnia Ltd. ("Omnia", together with PBLA and Northstar, the "Debtors"), in provisional liquidation and liquidation currently pending before the Supreme Court of Bermuda (the "Bermuda Court"), Companies (Winding Up) Commercial Court, 2020: No. 306, 304 and 305, respectively (the "Bermuda Proceedings"), by and through their undersigned counsel, for the entry of an Order (i) compelling Greg E. Lindberg, Global Growth (f/k/a Eli Global) or any non-debtor entity potentially affiliated with Greg E. Lindberg, Global Growth and/or the Debtors (collectively, the "Lindberg Entities") to turn over all of the books and records of each and all of the Debtors in the custody,

---

[1] PB Life and Annuity Co., Ltd., Northstar Financial Services (Bermuda) Ltd., Omnia Ltd. and PB Investment Holdings Ltd., foreign Debtors, are Bermuda limited companies which each have a registered address in Bermuda c/o Deloitte Ltd., Corner House, 20 Parliament Street, Hamilton HM 12, Bermuda, and are Jointly Administered for procedural purposes, by Order of this Court entered on April 2, 2021, ECF No. 42.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

control and possession of the Lindberg Entities as required pursuant to the *Order Compelling Turnover of Books and Records and Attorney Files Pursuant to 11 U.S.C. §§ 105, 542, 1519(a)(3), 1521(a)(4) & 1521(a)(7)* [Docket No. 37] entered by this Court on January 14, 2021 (the "Turnover Order"), (ii) determining that the JPLs own any and all claims of attorney-client and work-product privilege that may be asserted by or on behalf of the Debtors, (iii) requiring that, to the extent any legitimate privileges not now owned by the JPLs are asserted, a privilege log or logs compliant with Local Bankruptcy Rule 7034-1(c) be provided to the JPLs, (iv) compelling the law firms of Condon Tobin Sladek Thornton ("Condon") and Law Offices of Charles A. Gruen (together with Condon, the "Law Firms") to turn over to the JPLs all the Debtors' files, however maintained and stored (including all privileged communications) by the Law Firms as required pursuant to the Turnover Order, (v) requiring that Greg E. Lindberg, the Lindberg Entities, and the Law Firms each execute a certification affirming under applicable penalties of perjury the completeness of the productions, and (vi) granting such other relief as is just and proper; upon the Supplemental Declaration of Rachelle Frisby submitted in support of the Motion; upon the Declaration of Mark Diel submitted in support of the Motion; upon the Response in Opposition to the Motion (the "Opposition") [Docket No. 52] filed on behalf of the Law Firms, Lindberg and Global Growth Holdings, Inc. ("Global Growth," together with the Law Firms and Lindberg, the "Respondents"); upon the Reply in Further Support of the Motion and supporting Declarations (the "Reply") [Docket Nos. 63 and 64]; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1410; notice of the Motion having been adequate and appropriate under the

circumstances; and upon the hearing held before this Court on June 24, 2021; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED** that:

1. The hearing to consider the Motion is adjourned to **July 28, 2021 at 10:00 a.m. (Prevailing Eastern Time) (the "Adjourned Hearing")**.

2. Any and all attorney-client privilege that may be asserted by or on behalf of the Debtors only belongs to the JPLs and as such, no other party may assert such a privilege. On or before **July 14, 2021**, all documents, electronically stored information ("ESI"), or other verbal or written correspondence (collectively, the "ESI/Documents") withheld solely on the grounds of the Debtors' attorney-client privilege must be turned over to the JPLs.

3. Any and all work-product privilege that may be asserted by or on behalf of the Debtors, as a client, belongs to the JPLs and as such, no other party may assert such a client privilege, subject to the Court's further findings at the Adjourned Hearing.

4. On or before **July 14, 2021**, in the event the Respondents continue to withhold documents previously identified on their privilege logs, the Respondents shall amend their privilege logs to comply with Local Bankruptcy Rule 7034-1(c) and paragraph 4 of the Turnover Order, as follows:

(a) All ESI/Documents whereby attorney-client privilege is asserted on behalf of the Debtors only shall be removed, and all such ESI/Documents, previously withheld solely on the assertion of the Debtors' attorney-client privilege, shall be produced to the JPLs on or before said date;

(b) As to all ESI/Documents concerning or otherwise pertaining to the following matters: <u>PB Life and Annuity Co. Ltd. f/k/a Private Bankers Life and Annuity Co., Ltd. v.</u>

3

Universal Life Insurance Company, *No. 1:20-cv-02284-LJL*, Southern District of New York, the ongoing appeal captioned as <u>PB Life and Annuity Co. Ltd. f/k/a Private Bankers Life and Annuity Co., Ltd. v. Universal Life Insurance Company</u>, *No. 20-3122*, Second Circuit Court of Appeals, or the underlying arbitration, <u>In the Matter of the Arbitration Between: Universal Life Insurance Company v. PB Life and Annuity Co. Ltd. f/k/a Private Bankers Life and Annuity Co., Ltd.</u> (collectively, the "ULICO Litigation"), the Privilege Logs shall be amended to (i) identify ESI/Documents prepared specifically for the ULICO Litigation, (ii) explain why each of the ESI/Documents in question were prepared in contemplation of the ULICO Litigation, (iii) provide additional information describing the nature of the ESI/Documents to allow the JPLs to assess the attorney work-product claim, and (iv) include a separate column explaining why the ULICO Litigation ESI/Documents are still being withheld by the Law Firms on the basis of attorney work-product privilege;

(c) As to all ESI/Documents concerning or otherwise pertaining to the matter styled <u>Southland National Insurance Corporation in Rehabilitation, Bankers Life Insurance Company, in Rehabilitation, Colorado Bankers Life Insurance Company, in Rehabilitation, and Southland National Reinsurance Corporation, in Rehabilitation v. Greg E. Lindberg, Academy Association, Inc., Edwards Mill Asset Management, LLC, and Private Bankers Life and Annuity Co., Ltd. a/k/a PB Life and Annuity Company, Ltd.</u>, *Gen. Court of Justice, Superior Court Division (Wake County), No. 19 CVS 013093* (the "NC Litigation"), the Privilege Logs shall be amended to (i) identify ESI/Documents concerning the NC Litigation, (ii) identify the entity or entities on whose behalf the ESI/Document was prepared, (iii) for documents withheld as attorney work-product,

explain why each of the ESI/Documents in question were prepared in contemplation of the NC Litigation, (iv) provide additional information describing the nature of the ESI/Documents to allow the JPLs to assess the attorney work-product or privilege claims, and (v) include a separate column explaining why the NC Litigation ESI/Documents are still being withheld by the Law Firms on the basis of attorney work-product privilege, or attorney-client privilege that may be asserted by a party to the NC Litigation other than the Debtors and were not turned over to the JPLs at the time the Law Firms' representation of PBLA ceased.

5. On or before **July 23, 2021**, the Respondents shall complete an additional review of all ESI/Documents in their respective custody, control or possession and produce any additional ESI/Documents not previously produced, belonging to the Debtors or required to be produced pursuant to the Turnover Order and identified in the JPLs' Reply. On that same date, the Respondents shall file a written response to the JPLs' Reply, with an explanation as to why all ESI/Documents within any of the following categories of documents relating to any of the Debtors never existed, were never in their custody, control, or possession, or no longer are within their custody, control or possession, and the circumstances surrounding same:

(a) Financial records of the Debtors, including general ledgers, balance sheets, profit and loss statements, and income statements for each of the Debtors;
(b) Loan files and due diligence records documenting each of the loans issued and assets held by the Debtors;
(c) Financial statements issued by, and valuations and appraisals relating to, Debtors' counterparties and their assets, including but not limited to any and all valuations conducted by Duff & Phelps and HR Ratings;
(d) Insurance policies held or written by the Debtors;
(e) Any and all BitLocker Recovery Keys necessary to access hardware belonging to the Debtors;
(f) All documents concerning the Debtors' loans or other investments in any or all of AGH Parent LLC (Agera), Paradigm Park Holdings, LLC (PPH), AAPC Holdings LLC (AAPC), and UKAT Group (UKAT);

   (g) Any and all documents, bank records, wire transfers, cancelled checks, intercompany transfers or other records to determine the location of cash assets related to the Debtors' respective businesses and trust accounts;
   (h) Due diligence reports related to the Debtors' investments;
   (i) Analysis into the viability of the investments;
   (j) Historical financial statements of the investments, audited or otherwise;
   (k) Projections of the potential investments;
   (l) Debtors' Board minutes discussing and approving the investments;
   (m) Fully executed documentation evidencing the initial investment and subsequent signed assignments;
   (n) Documents evidencing legal title to the investment such as the original share certificates (both preference and common), sale purchase agreements, finalized loan agreements, real estate title deeds;
   (o) Registers of directors and signing authorities for LLC holding companies containing real estate;
   (p) Investment performance analysis such as quarterly/annual financial statements audited or otherwise, dividend schedules, and interest reconciliations;
   (q) Bank statements showing interest payments / dividends received and paid (if applicable);
   (r) Documentation relating to the disposal of investments such as sale purchase agreements and updated share certificates.

6. The Turnover Order remains in full force and effect.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: July 6, 2021
       New York, New York

                                      **/s/ Lisa G. Beckerman**
                                     UNITED STATES BANKRUPTCY JUDGE

United States Bankruptcy Court

Southern District of New York

| | |
|---|---|
| In re: | Case No. 20-12791-lgb |
| PB Life and Annuity Co., Ltd. | Chapter 15 |
| Rachelle Frisby and John Johnston, as Jo | |
|     Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0208-1 | User: Admin | Page 1 of 3 |
| Date Rcvd: Jul 06, 2021 | Form ID: pdf001 | Total Noticed: 4 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 08, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | | PB Life and Annuity Co., Ltd., Corner House, 20 Parliament Street, Hamilton, HM 12 BERMUDA, BERMUDA |
| res | + | Condon Tobin Sladek Thornton Nerenberg PLLC, 8080 Park Lane, Suite 700, dallas, TX 75231-5920 |
| res | + | Law Offices of Charles A. Gruen, Law Offices of Charles A. Gruen, 381 Broadway, Suite 300, Westwood, NJ 07675-2239 |
| frep | | Rachelle Frisby and John Johnston, as Joint Provis, Corner House, 20 Parliament Street, Hamilton, HM 12, BERMUDA |

TOTAL: 4

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | Bankers Life Insurance Company |
| cr | | Colorado Bankers Life Insurance Company |
| res | | Global Growth Holdings, Inc. |
| res | | Greg E. Lindberg |
| cr | | Southland National Insurance Corporation |
| cr | | Southland National Reinsurance Corporation |
| frep | * | PB Life and Annuity Co., Ltd., Corner House, 20 Parliament Street, Hamilton, HM 12 BERMUDA, BERMUDA |

TOTAL: 6 Undeliverable, 1 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309):** Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

| | | |
|---|---|---|
| Date: Jul 08, 2021 | Signature: | /s/Joseph Speetjens |

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 6, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Abigail R. Storm | |

20-12791-lgb    Doc 79    Filed 07/08/21    Entered 07/09/21 00:11:35    Imaged
Certificate of Notice    Pg 8 of 9

| District/off: 0208-1 | User: Admin | Page 2 of 3 |
|---|---|---|
| Date Rcvd: Jul 06, 2021 | Form ID: pdf001 | Total Noticed: 4 |

| | |
|---|---|
| | on behalf of Respondent Greg E. Lindberg acampbell@condontobin.com |
| Abigail R. Storm | on behalf of Respondent Global Growth Holdings Inc. acampbell@condontobin.com |
| Abigail R. Storm | on behalf of Respondent Condon Tobin Sladek Thornton Nerenberg PLLC acampbell@condontobin.com |
| Andreas Milliaressis | on behalf of Plaintiff Rachelle Frisby and John Johnston as Joint Provisional Liquidators of PB Life and Annuity Co., Ltd. adm@stevenslee.com |
| Charles A. Gruen | on behalf of Respondent Condon Tobin Sladek Thornton Nerenberg PLLC cgruen@gruenlaw.com |
| Charles A. Gruen | on behalf of Respondent Law Offices of Charles A. Gruen cgruen@gruenlaw.com |
| Charles A. Gruen | on behalf of Respondent Global Growth Holdings Inc. cgruen@gruenlaw.com |
| Charles A. Gruen | on behalf of Respondent Greg E. Lindberg cgruen@gruenlaw.com |
| Constantine Dean Pourakis | on behalf of Debtor Northstar Financial Services (Bermuda) Ltd. cp@stevenslee.com |
| Constantine Dean Pourakis | on behalf of Debtor PB Life and Annuity Co. Ltd. cp@stevenslee.com |
| Constantine Dean Pourakis | on behalf of Foreign Representative Rachelle Frisby and John Johnston as Joint Provisional Liquidators cp@stevenslee.com |
| Constantine Dean Pourakis | on behalf of Plaintiff Rachelle Frisby and John Johnston as Joint Provisional Liquidators of PB Life and Annuity Co., Ltd. cp@stevenslee.com |
| Constantine Dean Pourakis | on behalf of Debtor Omnia Ltd. cp@stevenslee.com |
| James Seth Moore | on behalf of Defendant Global Growth f/k/a Eli Global LLC smoore@ctstlaw.com, jsteele@condontobin.com |
| James Seth Moore | on behalf of Respondent Condon Tobin Sladek Thornton Nerenberg PLLC smoore@ctstlaw.com jsteele@condontobin.com |
| James Seth Moore | on behalf of Defendant Greg E. Lindberg smoore@ctstlaw.com jsteele@condontobin.com |
| James Seth Moore | on behalf of Respondent Global Growth Holdings Inc. smoore@ctstlaw.com, jsteele@condontobin.com |
| James Seth Moore | on behalf of Respondent Greg E. Lindberg smoore@ctstlaw.com jsteele@condontobin.com |
| Jared Pace | on behalf of Respondent Condon Tobin Sladek Thornton Nerenberg PLLC jpace@condontobin.com dstrittmatter@condontobin.com |
| Jared Pace | on behalf of Defendant Greg E. Lindberg jpace@condontobin.com dstrittmatter@condontobin.com |
| Jared Pace | on behalf of Defendant Global Growth f/k/a Eli Global LLC jpace@condontobin.com, dstrittmatter@condontobin.com |
| Jared Pace | on behalf of Respondent Greg E. Lindberg jpace@condontobin.com dstrittmatter@condontobin.com |
| Jared Pace | on behalf of Respondent Global Growth Holdings Inc. jpace@condontobin.com, dstrittmatter@condontobin.com |
| Nicholas F. Kajon | on behalf of Interested Party TMI Trust Company nfk@stevenslee.com |
| Nicholas F. Kajon | on behalf of Debtor Northstar Financial Services (Bermuda) Ltd. nfk@stevenslee.com |
| Nicholas F. Kajon | on behalf of Debtor Omnia Ltd. nfk@stevenslee.com |
| Nicholas F. Kajon | on behalf of Debtor PB Investment Holdings Ltd. nfk@stevenslee.com |

| District/off: 0208-1 | User: Admin | Page 3 of 3 |
|---|---|---|
| Date Rcvd: Jul 06, 2021 | Form ID: pdf001 | Total Noticed: 4 |

Nicholas F. Kajon
    on behalf of Foreign Representative Rachelle Frisby and John Johnston as Joint Provisional Liquidators nfk@stevenslee.com

Nicholas F. Kajon
    on behalf of Plaintiff Rachelle Frisby and John Johnston as Joint Provisional Liquidators of PB Life and Annuity Co., Ltd.
    nfk@stevenslee.com

Nicholas F. Kajon
    on behalf of Debtor PB Life and Annuity Co. Ltd. nfk@stevenslee.com

Norman N Kinel
    on behalf of Creditor Southland National Reinsurance Corporation norman.kinel@squirepb.com
    sarah.conley@squirepb.com,norman-kinel-4300@ecf.pacerpro.com

Norman N Kinel
    on behalf of Creditor Bankers Life Insurance Company norman.kinel@squirepb.com
    sarah.conley@squirepb.com,norman-kinel-4300@ecf.pacerpro.com

Norman N Kinel
    on behalf of Creditor Southland National Insurance Corporation norman.kinel@squirepb.com
    sarah.conley@squirepb.com,norman-kinel-4300@ecf.pacerpro.com

Norman N Kinel
    on behalf of Creditor Colorado Bankers Life Insurance Company norman.kinel@squirepb.com
    sarah.conley@squirepb.com,norman-kinel-4300@ecf.pacerpro.com

United States Trustee
    USTPRegion02.NYECF@USDOJ.GOV

TOTAL: 35