

Squire Patton Boggs (US) LLP
1211 Avenue of the Americas, 26th Floor
New York, New York 10036

O  +1 212 872 9800
F  +1 212 872 9815
squirepattonboggs.com


Norman N. Kinel
T   +1 212 407 0130
norman.kinel@squirepb.com

May 10, 2022

**VIA FEDEX AND ECF**

The Honorable Judge Lisa G. Beckerman
United States Bankruptcy Court
for the Southern District of New York
One Bowling Green
New York, New York 10004-1408

      Re:    In re PB Life and Annuity Co., Ltd., *et al.*, Case No. 20-12791 (LGB)

Dear Judge Beckerman:

      As your Honor knows, together with our co-counsel, my firm represents Colorado Bankers Life Insurance Company, Bankers Life Insurance Company, Southland National Insurance Corporation and Southland National Reinsurance Corporation (collectively, the "NC Insurance Companies") in the above-referenced chapter 15 bankruptcy cases.

      On March 28, 2022, the Joint Provisional Liquidators (the "JPLs") for the above-referenced Debtors filed the *Joint Provisional Liquidators' Motion for Entry of an Order Pursuant to Sections 105(a) and 363 of the Bankruptcy Code Approving Procedures to Sell Assets* [Docket No. 173] (the "Second Sale Motion").  The NC Insurance Companies, among other parties, filed objections to the Second Sale Motion (*see* Docket Nos. 181, 178 and 180).  A hearing on the Second Sale Motion was held before your Honor on April 19, 2022, during which your Honor ruled that "… the proposed form of order and the proposed asset sale procedures aren't acceptable as drafted to the Court."  *See* Transcript of April 19 hearing, at p. 91.  Instead, your Honor informed the JPLs of the procedures that would be "acceptable to the Court because there are changes that would have to be made to these procedures before the Court would be prepared to sign the order." *Id*.

      On May 4, 2022, counsel for the JPLs circulated to counsel who appeared at the hearing a revised draft of the proposed sale order (the "Proposed Order") for their review and comments. On the same day, the undersigned sent counsel for the JPLs (and the other parties) a revised Proposed Order, including several changes which the NC Insurance Companies believed were consistent with your Honor's rulings and deleting revised language included by the JPLs' counsel which the NC Insurance Companies believed to be inconsistent with, or otherwise problematic given your Honor's and other objecting parties' concerns expressed during the hearing.  On the

45 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

Squire Patton Boggs (US) LLP

following day, May 5, 2022, counsel for the Lindberg entities advised counsel for the JPLs that the NC Insurance Companies' comments were acceptable to them. Also on May 5, 2022, counsel for the JPLs wrote to advise that they had accepted some, but not all, of the NC Insurance Companies' comments. By email correspondence of the same date, the undersigned explained to the JPLs' counsel why the comments they had rejected had to be included. It was not until four days later— on May 9, 2022—that counsel for ULICO wrote to advise that they had "eliminated the language Mr. Kinel suggested in paragraph 4," "object[ed] to the inclusion of the reference to the Trust Agreements in Paragraph 5," and that the JPLs "concur[ed] with all of these changes."[1] The undersigned advised counsel that, if those changes were made, the NC Insurance Companies would object to entry of the Proposed Order.

There are several changes which the NC Insurance Companies believe are required for the Proposed Order to properly reflect your Honor's specific instructions and guidance, each of which is contained in the attached revised form of the Proposed Order (in tracked changes). The reasons for each of these changes are set forth below:

- Paragraphs 2.a.i and 2.b.ii: The JPLs' qualifications regarding the requirement only to obtain consents "in accordance with all **known**, pre-existing and **still valid** agreements" effectively renders this compliance requirement meaningless. Indeed, the JPLs could always assert that they did not "know" about an agreement's existence (if, in fact, that were true, they would undoubtedly be protected in any event). Even more troubling, is the qualification regarding compliance only with "still valid agreements." What standard would be applied to determine whether an agreement is "still valid" and by whom? Similarly to "known" agreements, if an agreement is no longer "valid" (whatever that term actually means), it would be highly unlikely to pose any risk of non-compliance by the JPLs.

- Paragraph 3: The NC Insurance Companies believe that, if the Court provides the JPLs with a comfort order stating that sales of Trust Assets are not governed by the Asset Sales Procedures (*see* paragraph 5 of the Proposed Order), parties that might be affected thereby should also receive the comfort of knowing that this Court's order may not in any way be used to impair their rights with respect to any such assets.

- Paragraph 4: The phrase "which is to be shared with the Debtors and the Court and is subsequently approved by the Court" simply makes no sense and is unnecessary. First, the next sentence in that paragraph already requires that any claim of privilege be handled in accordance with the Local Rules and logged, which takes care of the inclusion of the word "shared," unless the JPLs' intent is to require that a privileged document be turned over to the JPLs and the Court—which obviously would defeat its protection as privileged. Second, there is no way for a party to know in advance

---

[1] It is worth noting that counsel for the JPLs first indicated that they had accepted all of the NC Insurance Companies' changes except for those in paragraph 2, but then were apparently "overruled" by counsel for ULICO. This fact—in addition to others which have come to light during the course of these proceedings—clearly calls into question whether counsel for the JPLs are taking direction from their client, or rather from a single (albeit large) unsecured creditor of the one of the Debtors.

Squire Patton Boggs (US) LLP

whether a claim of privilege will be "subsequently approved by the Court." Obviously, if there is a disagreement over documents with respect to which privilege has been asserted, a determination by the Court will be required. In sum, the entire phrase should be deleted from the Proposed Order.

- Paragraph 5: The NC Insurance Companies believe that inherent in your Honor's ruling that any sales of Trust Assets must be agreed to by the JPLs, ULICO and TMI is the requirement that any such sales "only be made in accordance with the terms of the Trust Agreements," the phrase which the NC Insurance Companies added to this section. Again, to the extent that the JPLs are seeking a comfort order with respect to the sale of Trust Assets, your Honor's requirement that those three parties agree in advance to any such sale undoubtedly also means that any such sales must be in accordance with the terms of the relevant trust agreements.

We thank your Honor for your consideration of this matter and respectfully request that the Proposed Order which the Court ultimately enters include the changes described above.

Respectfully yours,

*/s/ Norman N. Kinel*
Norman N. Kinel

cc:  Wes J. Camden, Esq.
Lauren E. Fussell, Esq.
Nicholas F. Kajon., Esq.
Eric M. Robinson, Esq.
Constantine D. Pourakis, Esq.
Andreas D. Milliaressis, Esq.
Clinton Cameron, Esq.
(All via ECF)