STEVENS & LEE, P.C.
485 Madison Avenue, 20th Floor
New York, NY 10022
Telephone: (212) 319-8500
Nicholas F. Kajon
Eric M. Robinson
Constantine D. Pourakis
nicholas.kajon@stevenslee.com
eric.robinson@stevenslee.com
constantine.pourakis@stevenslee.com

*Counsel for Rachelle Frisby
and John Johnston, in their
capacity as Joint Provisional
Liquidators and Foreign
Representatives*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PB LIFE AND ANNUITY CO., LTD., *et al.*,[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 20-12791 (LGB)<br><br>(Jointly Administered) |

**STATUS REPORT CONCERNING BERMUDA PROCEEDINGS**

Rachelle Frisby and John Johnston of Deloitte Ltd., in their capacities as the Joint Provisional Liquidators and authorized foreign representatives ("JPLs") for PB Life and Annuity Co., Ltd. (in provisional liquidation) ("PBLA"), Northstar Financial Services (Bermuda) Ltd. (in liquidation) ("Northstar"), Omnia Ltd. (in liquidation) ("Omnia") and PB Investment Holdings

---

[1] PB Life and Annuity Co., Ltd., Northstar Financial Services (Bermuda) Ltd., Omnia Ltd. and PB Investment Holdings Ltd., foreign Debtors, are Bermuda limited companies which each have a registered address in Bermuda c/o Deloitte Ltd., Corner House, 20 Parliament Street, Hamilton HM 12, Bermuda, and are Jointly Administered for procedural purposes, by Order of this Court entered on April 2, 2021, ECF No. 42.

1

Ltd. (in liquidation) ("PBIHL," together with PBLA, Northstar and Omnia, the "Debtors"), in proceedings currently pending before the Supreme Court of Bermuda (the "Bermuda Court"), Companies (Winding Up) Commercial Court, 2020: No. 306, 304 and 305, and 441 respectively (the "Bermuda Proceedings"), submit the following status report regarding the Bermuda Proceedings, including information about the hearings scheduled before the Bermuda Court over the next 60 days, as well as a description of the matters to be heard at each such scheduled hearing, pursuant to the November 10, 2022 *Order Compelling the Filing of Status Report Regarding the Bermuda Proceeding and Scheduling a Status Conference On the Motion to Expedite and a Status Conference on the Service of the Summons and Complaint* [ECF No. 402]:

**Nature of the Bermuda Proceedings**

1.      All issues governed by Chapter 15 are brought before this Court. However, each Debtor also has obligations in each of their cases in Bermuda, and Debtor-specific matters are also argued before the Bermuda Court.

2.      Some of the applications and filings with the Bermuda Court are *ex parte* and confidential as between the JPLs and the Bermuda Court. Currently, the Court file in Bermuda is sealed and third parties do not have, and are not entitled to have, access to documentation held in the sealed file. The JPLs are Officers of the Bermuda Court and carry on the winding up of the Debtors accordingly. The JPLs provide the Bermuda Court full and frank disclosures of all matters. Some hearings are open to the public, but many are closed for confidentiality reasons.

3.      In most instances, reports provided by the JPLs to the Bermuda Court are confidential and form a part of the sealed file, and are prepared on the basis that they are an update to the Bermuda Court only, which has ultimate supervision over each of the Debtors'

2

insolvency proceedings. The reports typically contain sensitive information, which includes but it is not limited to strategy, negotiation of disposition of assets, and the JPLs' overall case strategy for each Debtor.

4. The information contained in these reports to the Bermuda Court typically would not be shared with all creditors due to the sensitive nature of the information. The JPLs, however, also prepare open reports available to the creditors and provide them with updates on the proceedings upon request.

5. It is our understanding that a creditor can apply to the Bermuda Court to unseal the Court file. It is the JPLs' understanding that to date, the North Carolina Insurance Companies ("NCIC") have not made any such request.

6. In the event that the NCIC wish to argue that the Court file in Bermuda ought to be unsealed, then the NCIC would need to make a relevant filing with the Bermuda Court, which would then be subject to argument at a hearing by all interested parties, including the JPLs and, likely, the Bermuda Monetary Authority in its role as regulator (as described in more detail below). It is a common part of the insolvency process in Bermuda that the Court file is sealed during the course of insolvency proceedings to allow Court-appointed insolvency and restructuring professionals to provide the Bermuda Court with information, documentation and updates as to the progress of the insolvency without the risk of that information being shared with any third parties.

7. In this instance, in the event that the Bankruptcy Court were to issue an order requiring the Bermuda Court file to be unsealed, the Bankruptcy Court would be directing the Bermuda Court, as opposed to the JPLs, to unseal the Bermuda Court file.

3

8.     If the Bankruptcy Court were to enter such an order, then the JPLs would have no choice but to apply to the Bermuda Court for a direction as to whether, and how, they ought to comply with the Bankruptcy Court Order. The reason for a directions application in Bermuda is because a Bankruptcy Court order would have the effect of, essentially, treating the NCIC differently than all other creditors of each of the Debtors, contrary to the principle that all creditors ought to be treated equally.

**PBLA**

*Winding-up hearing*

9.     In September 2020, the Bermuda Monetary Authority ("BMA") petitioned the Bermuda Court to wind up PBLA (the "PBLA Winding Up Petition"). The hearing on the PBLA Winding Up Petition is open to all creditors. The BMA regulates Bermuda's financial services sector. It supervises, regulates and inspects financial institutions operating in the jurisdiction; and additionally, issues Bermuda's national currency, manages exchange control transactions, assists other authorities with the detection and prevention of financial crime, and advises the Bermuda Government on banking and other financial and monetary matters.

10.    On September 25, 2020, the Bermuda Court appointed Rachelle Frisby and John Johnston of Deloitte Ltd. as the Joint Provisional Liquidators of PBLA, pending final determination of the PBLA Winding Up Petition.

11.    The PBLA Winding Up Petition has been adjourned on a number of occasions by the Bermuda Court, principally to allow the JPLs to continue their investigations into the business and assets of PBLA. There is a further hearing of the Winding Up Petition which is due to be heard by the Bermuda Court on November 25, 2022 at 9:30 a.m. The hearing will take

place in person. Presently, the hearing on November 25, 2022 is only listed as a mention hearing as opposed to a substantive final hearing.

12. Universal Life and Insurance Company Ltd. ("ULICO") is a Puerto Rican insurance company and PBLA's largest known creditor, and it has raised an objection to the BMA's petition, citing in part the priority hearing (described below) scheduled to be heard in December 2022. ULICO, represented by Conyers, Dill & Pearman ("Conyers"), objects to the winding up of PBLA. The BMA will ask the Bermuda Court to place PBLA into compulsory liquidation (i.e., PBLA will be wound up). The JPLs will, in accordance with their status as Officers of the Court, take a neutral position, and appear only to assist the Bermuda Court in relation to those matters that the Bermuda Court seeks their assistance. It is likely that directions will be given at the mention hearing on November 25, 2022 to take the PBLA Winding Up Petition to a final hearing in order to determine whether or not it should be finally wound up.

13. At the prior hearing on the Winding-up Petition, ULICO asked for an adjournment to November 4, 2022. The hearing was further adjourned to November 25, 2022.

14. The JPLs, as communicated to the NCIC, have been and remain neutral as to the BMA's petition.

*ULICO Priority Hearing*

15. ULICO issued a Summons in Bermuda on April 27, 2022, pursuant to which ULICO seeks an Order declaring (the "ULICO Summons"):

   a. That a Coinsurance Reinsurance Agreement dated June 30, 2017 (the "Reinsurance Agreement") between ULICO and PBLA is an insurance contract pursuant to sections 36 and 36A of the Insurance Act 1978;

    b. That a debt owing to ULICO pursuant to Article II of the Reinsurance Agreement is an "insurance debt" pursuant to sections 36 and 36A of the Insurance Act 1978; and

    c. That in a winding up of PBLA, an "insurance debt" owed to ULICO would be paid in priority to all other debts of PBLA save for "preferential debts", as defined in the Insurance Act 1978.

16. A hearing to consider ULICO's priority creditor status is scheduled for December 7, 2022 before Chief Justice Narinder K. Hargun. The hearing is scheduled to last for one day and will be heard via Zoom and is an open hearing, meaning that any member of the public can attend in order to observe the hearing. The NCIC has retained Counsel in Bermuda who will attend the hearing and argue against the ULICO Summons, and who can advise the NCIC on the procedure necessary to access the Zoom hearing. However, in brief terms, should any party wish to observe the hearing, then its Bermuda counsel should contact the Registrar of the Supreme Court of Bermuda Court by email and request a Zoom link to access the hearing.

17. The JPLs advised the NCIC of ULICO's Summons following their receipt of the same. On June 3, 2022, the Bermuda Court held a Directions hearing in relation to the ULICO Summons. The NCIC, through counsel, attended the Directions hearing before the Bermuda Court, and were ordered to confirm to the JPLs and to ULICO their intention to appear and oppose the ULICO Summons, and if such intention was confirmed, they were given leave to file and serve any affidavit evidence that they wished to rely upon by 4:00 p.m. on June 24, 2022.

18. At the June 3, 2022 hearing, the JPLs – acting through Counsel – confirmed to the Bermuda Court that, in accordance with their obligations to PBLA's body of creditors as a whole that:

   a. If the NCIC did not wish to oppose the ULICO Summons, the JPLs would appear before the Bermuda Court at the final hearing of the ULICO Summons in order to submit the contrary argument to that raised by ULICO; or

   b. If the NCIC did wish to oppose the ULICO Summons and appeared for that purpose, the JPLs would appear before the Bermuda Court at the final hearing of the ULICO Summons to assist the Court in any way that they may be called upon so to do.

19. The JPLs have advised the Bermuda Court that they act for the benefit of all creditors and hence their position as to the ULICO Summons was and remains neutral. However, ULICO's request is a case of first impression in Bermuda. It has potential precedential implications for Bermuda's insurance industry and has been described by the Bermuda Court as a multi-billion dollar question. In the event that the ULICO Summons is not opposed by the NCIC, the JPLs will put the contrary argument: (a) so as to represent the interests of the general body of creditors; and (b) to allow the Bermuda Court to form a reasoned conclusion having heard full argument both for and against the ULICO Summons.

20. On June 23, 2022, the NCIC gave notice to the JPLs and ULICO that they intend to oppose the ULICO Summons. Counsel for the JPLs has prepared written submissions which will be shared with ULICO, the NCIC and the Bermuda Court prior to the hearing on December 7, 2022.

**Northstar**

21. There are no hearings currently scheduled in the next 60 days for Northstar.

22. To the JPLs' knowledge, none of the NCIC claim to be a creditor of Northstar. As a result, under Bermuda law, the NCIC would not have standing to receive information provided to creditors of Northstar or ask the Bermuda Court to unseal the file pertaining to Northstar.

**Omnia**

23. There is a hearing currently listed to be heard by the Bermuda Court on November 25, 2022 at 11:00 a.m. The hearing will be in-person.

24. The aforesaid hearing has been listed in order to determine a Summons filed by Conyers on behalf of certain policyholders (the "Applicants") of an Accumulation Policy (the "Policy") issued in respect of Segregated Account number 25 by Omnia Ltd. for orders:

   a. that the Applicants have leave to bring an application to effect the transfer of the Policy and the assets held by the Segregated Account to a segregated account with Lombard International Global Insurance Ltd;

   b. declaring that the Policy and the shares in Liffey International Holdings Limited are segregated from other assets and liabilities of Omnia and its respective segregated accounts; and

   c. authorizing the JPLs to enter into a novation agreement novating the Policy, effectively transferring it along with its assets in the Segregated Account to a segregated account at Lombard on terms substantially in the form of a draft Novation Agreement annexed to the Summons.

25. To the JPLs' knowledge, none of the NCIC claim to be a creditor of Omnia. As a result, under Bermuda law, the NCIC would not have standing to receive information provided to creditors of Omnia or ask the Bermuda Court to unseal the file pertaining to Omnia.

SL1 1813616v5 114825.00001

**PBIHL**

26. There are no hearings currently scheduled in the next 60 days for PBIHL.

27. To the JPLs' knowledge, none of the NCIC claim to be a creditor of PBIHL. As a result, under Bermuda law, the NCIC would not have standing to receive information provided to creditors of PBIHL or ask the Bermuda Court to unseal the file pertaining to PBIHL.

Dated: November 14, 2022
      New York, New York        STEVENS & LEE, P.C.

By: */s/ Nicholas F. Kajon*
Nicholas F. Kajon
Eric M. Robinson
Constantine D. Pourakis
485 Madison Avenue, 20th Floor
New York, New York 10022
Telephone: 212-319-8500
Facsimile: 212-319-8505
nicholas.kajon@stevenslee.com
eric.robinson@stevenslee.com
constantine.pourakis@stevenslee.com

*Counsel for Rachelle Frisby
and John Johnston, in their capacity as
Joint Provisional Liquidators and
Foreign Representatives*