STEVENS & LEE, P.C.
485 Madison Avenue, 20th Floor
New York, NY 10022
Telephone: (212) 319-8500
Nicholas F. Kajon
Eric M. Robinson
Constantine D. Pourakis
nicholas.kajon@stevenslee.com
eric.robinson@stevenslee.com
constantine.pourakis@stevenslee.com

*Counsel for Rachelle Frisby and John Johnston,
in their capacity as Joint Provisional Liquidators
and Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> PB LIFE AND ANNUITY CO., LTD., *et al.*,[1] <br><br> Debtors in Foreign Proceedings. | Chapter 15 <br><br> Case No. 20-12791 (LGB) <br><br> (Jointly Administered) |

**FIRST QUARTERLY STATUS REPORT CONCERNING BERMUDA PROCEEDINGS**

Rachelle Frisby and John Johnston of Deloitte Ltd., in their capacities as the Joint Provisional Liquidators and authorized foreign representatives ("JPLs") for PB Life and Annuity Co., Ltd. (in provisional liquidation) ("PBLA"), Northstar Financial Services (Bermuda) Ltd. (in liquidation) ("Northstar"), Omnia Ltd. (in liquidation) ("Omnia") and PB Investment Holdings Ltd. (in liquidation) ("PBIHL," together with PBLA, Northstar and Omnia, the "Debtors"), in

---

[1] PB Life and Annuity Co., Ltd., Northstar Financial Services (Bermuda) Ltd., Omnia Ltd. and PB Investment Holdings Ltd., foreign Debtors, are Bermuda limited companies which each have a registered address in Bermuda c/o Deloitte Ltd., Corner House, 20 Parliament Street, Hamilton HM 12, Bermuda, and are Jointly Administered for procedural purposes, by Order of this Court entered on April 2, 2021, ECF No. 42.

1

proceedings currently pending before the Supreme Court of Bermuda (the "Bermuda Court"), Companies (Winding Up) Commercial Court, 2020: No. 306, 304 and 305, and 441 respectively (the "Bermuda Proceedings"), submit the First Quarterly Status Report regarding the Bermuda Proceedings (the "Report") pursuant to the January 6, 2023 *Order Granting, in Part and Denying, in Part, Motion for Order Directing the Joint Provisional Liquidators to (I) Provide the NC Insurance Companies with (A) Copies of all Pleadings and Documents Previously Filed, or to be Filed, in the Bermuda Proceedings, and (B) Timely Notice of any Hearings in the Bermuda Court, and (II) File Quarterly Update Reports with the Bankruptcy Court Relating to the Bermuda Proceedings* [ECF No. 460]:

I. **Nature of the Bermuda Proceedings**

1. All issues governed by Chapter 15 are brought before this Court. However, each Debtor also has obligations in each of their cases in Bermuda, and Debtor-specific matters are also argued before the Bermuda Court.

2. Some of the applications and filings with the Bermuda Court are *ex parte* and confidential as between the JPLs and the Bermuda Court. Currently, the Court file in Bermuda is sealed and third parties do not have, and are not entitled to have, access to documentation held in the sealed file. The JPLs are Officers of the Bermuda Court and carry on the winding up of the Debtors accordingly. The JPLs provide the Bermuda Court full and frank disclosures of all matters. Some hearings are open to the public, but many are closed for confidentiality reasons.

3. In some instances, reports provided by the JPLs to the Bermuda Court are confidential and form a part of the sealed file, and are prepared on the basis that they are an update to the Bermuda Court only, which has ultimate supervision over each of the Debtors'

2

insolvency proceedings. The reports typically contain sensitive information, which includes but it is not limited to strategy, negotiation of disposition of assets, and the JPLs' overall case strategy for each Debtor.

4. The information contained in these reports to the Bermuda Court typically would not be shared with all creditors due to the sensitive nature of the information. The JPLs, however, also prepare open reports available to the creditors and provide them with updates on the proceedings upon request.

5. It is our understanding that a creditor can apply to the Bermuda Court to unseal the Court file. It is a common part of the insolvency process in Bermuda that the Court file is sealed during the course of insolvency proceedings to allow Court-appointed insolvency and restructuring professionals to provide the Bermuda Court with information, documentation and updates as to the progress of the insolvency without the risk of that information being shared with any third parties.

**II.     Matters Common to All Debtors**

*A.   Application to Set Aside Service of NC Insurance Companies' Summons and Complaint*

6. On or about October 10, 2022, the JPLs received a number of documents by mail, namely the NC Insurance Companies'[2] Complaint for Declaratory Judgment filed on September 21, 2022 (the "Complaint") and a Summons and Notice of Pre-Trial Conference in an Adversary Proceeding against each of the Debtors dated September 22, 2022 (the "Summons").

---

[2] The "NC Insurance Companies" are Colorado Bankers Life Insurance Company, Southland National Insurance Corporation, Bankers Life Insurance Company, and Southland National Reinsurance Corporation.

SL1 1823412v2 114825.00001

7.      On October 24, 2022, the JPLs filed an Originating Summons with the Bermuda Court seeking a declaration that the NC Insurance Companies' purported service of the Complaint and Summons was invalid and of no effect.³ The JPLs also filed the supporting Affidavit of Rachelle Frisby and Exhibit "RAF-1", both of which were sworn on October 24, 2022.⁴

8.      The JPLs also filed the First Affidavit of Mark Diel and Exhibit "MACD-1" in relation to the JPLs' claim for a declaration that service of the Complaint and the Summons was invalid and of no effect and in support of the JPLs' motion filed in this Court to quash the Summons for insufficient service of process.⁵

9.      Upon resolution of the JPLs' motion to quash before this Court, on December 2, 2022, the JPLs filed a Notice of Discontinuance of their Originating Summons.⁶

B. *The JPLs' Application Seeking Guidance from the Bermuda Court in Relation to the NC Insurance Companies' Motion Seeking All Pleadings Filed in Bermuda Proceedings*

10.     By Ex Parte Summons dated December 8, 2022, the JPLs sought directions, or such guidance as the Bermuda Court saw fit, in relation to the Motion filed on November 9, 2022 by the North Carolina Insurance Companies in this Court seeking, among other things, an Order requiring the JPLs to provide the NC Insurance Companies with all pleadings and documents filed, and those to be filed with the Bermuda Court in the Bermuda Proceedings.

11.     The JPLs' Ex Parte Summons was heard on December 8, 2022 before the Chief Justice of the Bermuda Court. At the hearing, the Chief Justice indicated that there are

---

³ Annexed hereto as Exhibit A.
⁴ Annexed hereto as Exhibit B.
⁵ Annexed hereto as Exhibit C.
⁶ Annexed hereto as Exhibit D.

4

mechanisms in place by which insolvency courts can communicate and make such requests and that, in the normal course, should the NC Insurance Companies wish to obtain documents which were sealed as a result of an Order of the Bermuda Court, the NC Insurance Companies should make an application to the Bermuda Court for disclosure of those documents. On December 12, 2022, the Chief Justice's guidance was shared with this Court by the JPLs' undersigned counsel.

### III. PBLA

#### A. *Status of Bermuda Proceedings*

##### i. Open Report

12. On March 1, 2021, the JPLs filed an open report for the purposes of updating the creditors and the Bermuda Court.[7]

##### ii. ULICO Priority Summons

13. ULICO issued a Summons in Bermuda on April 27, 2022 (the "ULICO Priority Summons"), pursuant to which ULICO sought an Order declaring:

   a. That a Coinsurance Reinsurance Agreement dated June 30, 2017 (the "Reinsurance Agreement") between ULICO and PBLA is an insurance contract pursuant to sections 36 and 36A of the Insurance Act 1978;

   b. That a debt owing to ULICO pursuant to Article II of the Reinsurance Agreement is an "insurance debt" pursuant to sections 36 and 36A of the Insurance Act 1978; and

   c. That in a winding up of PBLA, an "insurance debt" owed to ULICO would be paid in priority to all other debts of PBLA save for "preferential debts", as defined in the Insurance Act 1978.

---

[7] Annexed hereto as Exhibit E.

5

14. A hearing on the ULICO Priority Summons was scheduled for December 7, 2022. On December 1, 2022, the JPLs filed their Skeleton Argument with the Bermuda Court,[8] and served same on counsel for ULICO, counsel for the BMA and counsel for the NC Insurance Companies.

15. On December 6, 2022, the JPLs filed a supplemental Skeleton Argument to respond to various points made by the NC Insurance Companies in their Skeleton Argument dated December 1, 2022 which appeared to unnecessarily criticize the JPLs.[9]

16. On January, 12, 2023, the Bermuda Court issued its Judgment finding that: (i) the Reinsurance Agreement between ULICO and PBLA is an "insurance contract" pursuant to sections 36 and 36A of the Act; (ii) a debt owing to ULICO pursuant to Article II of the Reinsurance Agreement is an "insurance debt" pursuant to sections 36 and 36A of the Act; and (iii) in a winding up of PBLA, an "insurance debt" owed to ULICO would be paid in priority to all other debts of PBLA, save for "preferential debts" as defined in the Act.[10]

    iii. PBLA Solvency Report

17. On December 15, 2022, the JPLs filed their report on the solvency status of PBLA as of December 14, 2022 (the "Solvency Report").[11] Copies of the Solvency Report were provided to counsel for ULICO and counsel for the BMA on 15 December 15, 2022, and to PBLA's creditors and interested parties on December 21, 2022.

---

[8] The Skeleton Argument (without copies of the authorities cited therein) is annexed hereto as <u>Exhibit F</u>.
[9] The NC Insurance Companies' Skeleton Argument (without copies of the authorities cited therein) and the JPLs' supplemental Skeleton Argument (without copies of the authorities cited therein) are annexed hereto as <u>Exhibit G</u> and <u>Exhibit H</u>, respectively.
[10] Annexed hereto as <u>Exhibit I</u>.
[11] Annexed hereto as <u>Exhibit J</u>.

6

    B. *Hearing Dates*

18.    The following hearings are currently scheduled in the 90-day period subsequent to the date of this Report: (i) Winding-Up Petition - January 20, 2023 at 9:30 a.m.

    C. *Description of Matters to Be Considered at Hearing*

19.    In September 2020, the Bermuda Monetary Authority ("BMA") petitioned the Bermuda Court to wind up PBLA (the "PBLA Winding-Up Petition"). On September 25, 2020, the Bermuda Court appointed the JPLs, pending final determination of the PBLA Winding-Up Petition.

20.    Universal Life and Insurance Company Ltd. ("ULICO") is a Puerto Rican insurance company and PBLA's largest known creditor, and it has raised an objection to the PBLA Winding-Up Petition, citing in part the ULICO Priority Summons described above.

21.    The PBLA Winding-Up Petition has been adjourned on a number of occasions by the Bermuda Court, principally to allow the JPLs to continue their investigations into the business and assets of PBLA.

22.    At the prior hearing on the Winding-Up Petition, ULICO asked for an adjournment to November 4, 2022. The hearing was further adjourned to November 25, 2022.

23.    On November 25, 2022, the adjourned hearing of the Winding-Up Petition took place before the Chief Justice of the Bermuda Court. At the hearing, the Bermuda Court granted directions sought by the BMA involving the filing of further evidence by the BMA in support of winding up PBLA, and by any party intending to appear and oppose or make representations. Consequently, the Winding-Up Petition hearing was adjourned to January 20, 2023 at 9:30 a.m.

24. On December 1, 2022, the BMA filed an Order scheduling the adjourned hearing and the agreed directions.[12]

25. On December 16, 2022, the BMA provided the JPLs with evidence in support of the Winding-Up Petition.[13]

## IV. Omnia

### A. Status of Bermuda Proceedings

26. The JPLs previously filed three open reports dated March 1, 2021, July 22, 2021, and July 15, 2022, for the purposes of updating the creditors and the Bermuda Court.[14]

### B. Hearing Dates

27. The following hearings are currently scheduled or will be scheduled in the 90-day period subsequent to the date of this Report: (i) Segregation Application - April 24, 2023 to May 2, 2023; and (ii) Liffey Application – date to be set by the Bermuda Court.

### C. Description of Matters to Be Considered at Hearings

i. Segregation Application

28. Following the JPLs' appointment and further to review and initial investigations into Omnia and Northstar, the JPLs became aware that there may be issues in relation to the segregation of the assets of both companies. The Segregation Application was commenced by a summons dated June 1, 2021 (amended July 26, 2021) (the "Summons"), whereby the JPLs sought directions from the Bermuda Court on particular issues which have arisen in connection with the operation of certain (purportedly) segregated accounts under the private Acts to which

---

[12] Annexed hereto as Exhibit K.
[13] Annexed hereto as Exhibit L.
[14] Annexed hereto as composite Exhibit M.

8

Omnia and Northstar have been subject from time to time. In particular, the JPLs sought that the Bermuda Court hold a substantive hearing (the "Substantive Hearing") to allow the Bermuda Court to hear arguments and give directions on the following questions (the "Issues"):

   a. The extent, if any, to which Omnia and/or Northstar established segregated or separate accounts in respect of investments made in either or policies issued by either (the "Segregated Accounts");

   b. The extent, if any, to which the assets of Omnia and/or Northstar are to be held exclusively for the benefit of any such Segregated Accounts; and

   c. The extent, if any, to which claimants in respect of any Segregated Accounts have claims against the general assets of Omnia and/or Northstar.

29.   The JPLs, working alongside their legal counsel, have formed the view that these Issues are not straightforward, and that they raise difficult and uncertain points of law. The JPLs brought the Segregation Application to allow the issues to be considered by the Bermuda Court, for the Bermuda Court to receive full argument on all relevant points from all interested parties, and to enable the JPLs to obtain the Bermuda Court's directions on how assets of Omnia and Northstar should be applied.

30.   To facilitate the goals at the Substantive Hearing, the JPLs sought procedural directions from the Bermuda Court at an initial directions hearing, including representation orders under which certain investors or policyholders would be appointed to represent the interests of particular classes of creditors. At the hearing on July 26, 2021, the Bermuda Court heard from counsel for the JPLs as well as counsel for members of Northstar's Ad Hoc

9

Committee of Inspection (solely in their capacity of members of that Committee and not as parties to the proceedings).

31. By Order dated August 26, 2021 (the "August 26, 2021 Order"), the Bermuda Court, *inter alia*, granted the representation orders sought by the JPLs as follows:

   a. an investor or policyholder in Omnia and/or Northstar holding only variable investments shall be appointed as the "Variable Representative" and shall represent the interests of those investors or policyholders in Omnia and/or Northstar holding variable investments;

   b. an investor or policyholder in Omnia and/or Northstar holding only fixed or indexed investments shall be appointed as the "Fixed Representative" and shall represent the interests of those investors or policyholders in Omnia and/or Northstar holding fixed and/or indexed investments; and

   c. a creditor of Omnia and/or Northstar not holding any such investments or policies shall be appointed as the "Creditor Representative" and shall represent the interests of creditors in Omnia and/or Northstar not holding fixed, indexed or variable investments.

(together, the "Class Representatives").

32. As in the August 26, 2021 Order, the JPLs were instructed to provide to the Class Representatives and their legal counsel (a) a report by the JPLs which shall set out the facts relevant to the issues; (b) an estimated statement of affairs; (c) the Private Acts relating to Omnia and/or Northstar and/or their respective businesses and the Segregated Accounts Companies Act 2000; and (d) pro forma investment contracts and policies (referred to as the "SAC Report").

33. On September 7, 2022, the JPLs filed the SAC Report for Omnia. A redacted copy of the SAC Report was provided to the Legal Representatives on September 9, 2022 (a

10

similar report was filed for Northstar on June 2, 2022 and a redacted copy provided to the Legal Representatives on June 3, 2022). These are extensive reports of more than 100 pages including more than 2,000 pages of appendices. Due to the size of these reports, they have not been included in the present Report. The SAC Reports for both Northstar and Omnia are open reports and available on request.

34. With the view of expediting the process, the King's Counsel representing the Class Representatives, as well as the King's Counsel representing the JPLs, met to discuss the list of Issues between the parties on November 29, 2022. The list of Issues was agreed, and a date for the Substantive Hearing has now been set for seven working days beginning April 24, 2023 through May 2, 2023.

    ii. Liffey

35. On November 25, 2022, a hearing was held by the Bermuda Court to determine a Summons filed on behalf of certain policyholders (the "Applicants") of an Accumulation Policy (the "Policy") issued in respect of Segregated Account number 25 by Omnia for orders:

    a. that the Applicants have leave to bring an application to effect the transfer of the Policy and the assets held by the Segregated Account to a segregated account with Lombard International Global Insurance Ltd;

    b. declaring that the Policy and the shares in Liffey International Holdings Limited are segregated from other assets and liabilities of Omnia and its respective segregated accounts; and

    c. authorizing the JPLs to enter into a novation agreement novating the Policy, effectively transferring it along with its assets in the Segregated Account to a segregated account at Lombard on terms substantially in the form of a draft Novation Agreement annexed to the Summons.

36. The November 25, 2022 hearing was subsequently postponed to December 9, 2022. Prior to December 9, the parties agreed to a consent order whereby the Bermuda Court will hold a one hour contested directions hearing at the first available date after January 4, 2023. At the time of this Report being finalized, the JPLs are awaiting a hearing date from the Bermuda Court based on agreed dates which have been submitted.

V. **Northstar**

    A. *Status of Bermuda Proceedings*

37. The JPLs previously filed three open reports dated March 1, 2021, July 23, 2021, and July 15, 2022, for the purposes of updating the creditors and the Bermuda Court.[15]

    B. *Hearing Dates and Description of Matters to Be Considered at Hearings*

38. The Segregation Application described above is a joint application by both Northstar and Omnia. As stated therein, the Substantive Hearing has been scheduled for April 24, 2023 to May 2, 2023.

VI. **PBIHL**

    A. *Status of Bermuda Proceedings*

39. The JPLs have circulated update letters dated April 30, 2021, July 1, 2021, January 10, 2022, and 13 April 13, 2022, for the purposes of updating the creditors and the Bermuda Court.[16]

---

[15] Annexed hereto as composite Exhibit N.
[16] Annexed hereto as composite Exhibit O.

12

40. The JPLs are responsible for attending to the daily administration of PBIHL. To save costs, the previous administrators were removed and this function is now being managed by the JPLs' team members and a team of consultants.

   B. *Hearing Dates*

41. There are no hearings currently scheduled in the 90-day period subsequent to the date of this Report.

Dated: January 16, 2023
New York, New York                    STEVENS & LEE, P.C.

                                      By: */s/ Nicholas F. Kajon*
                                          Nicholas F. Kajon
                                          Eric M. Robinson
                                          Constantine D. Pourakis
                                          485 Madison Avenue, 20th Floor
                                          New York, New York 10022
                                          Telephone: 212-319-8500
                                          Facsimile: 212-319-8505
                                          nicholas.kajon@stevenslee.com
                                          eric.robinson@stevenslee.com
                                          constantine.pourakis@stevenslee.com

                                          *Counsel for Rachelle Frisby*
                                          *and John Johnston, in their capacity as*
                                          *Joint Provisional Liquidators and*
                                          *Foreign Representatives*