UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**PB LIFE AND ANNUITY CO., LTD.,** *et al.*[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 20-12791 (LGB)<br><br>(Jointly Administered) |

**ORDER DENYING AMENDED MOTION OF THE JOINT PROVISIONAL LIQUIDATORS TO ENFORCE THE STAY AGAINST THE NC INSURANCE COMPANIES, REHABILITATORS AND LINDBERG ENTITIES WITH RESPECT TO THE AMENDED JUDGMENT AND ORDER AND IMPLEMENTATION OF THE MOU PURSUANT TO 11 U.S.C. §§ 362 AND 1520**

Upon the *Amended Motion of the Joint Provisional Liquidators to Enforce the Stay Against the NC Insurance Companies, Rehabilitators and Lindberg Entities With Respect to the Amended Judgment and Order and Implementation of the MOU Pursuant to 11 U.S.C. §§ 362 and 1520* dated, September 20, 2022 [ECF No. 335] (the "Amended Motion to Enforce")[2] filed by Rachelle Frisby and John Johnston of Deloitte Financial Advisory Ltd., in their capacities as the Joint Provisional Liquidators and authorized foreign representatives for the Debtors (the "JPLs"); and upon the *NC Insurance Companies' Objection to Amended Motion of the Joint Provisional Liquidators to Enforce the Stay Against the NC Insurance Companies, Rehabilitators and Lindberg Entities With Respect to the Amended Judgment and Order and Implementation of the MOU Pursuant to 11 U.S.C. §§ 362 and 1520,* dated March 3, 2023 [ECF No. 483] (the "NC Objection") filed by Colorado Bankers Life Insurance Company, Bankers Life Insurance

---

[1] PB Life and Annuity Co., Ltd. ("PBLA"), Northstar Financial Services (Bermuda) Ltd., Omnia Ltd. and PB Investment Holdings Ltd. are Bermuda limited companies (collectively, the "Debtors"). Their registered address is c/o Deloitte Financial Advisory Ltd., Corner House 20 Parliament Street, Hamilton, HM 12, Bermuda. The Debtors' cases are jointly administered for procedural purposes by orders of this Court [ECF Nos. 11 and 42].

[2] Capitalized terms used herein, unless otherwise defined below, shall have the meanings ascribed to them in the Amended Motion to Enforce, the NC Objection, the MOU, or the Judgment, as applicable.

- 1 -

Company, Southland National Insurance Corporation and Southland National Reinsurance Corporation (collectively, the "NC Companies"); and upon the JPLs' *Reply in Further Support of Amended Motion of the Joint Provisional Liquidators to Enforce the Stay Against the NC Insurance Companies, Rehabilitators and Lindberg Entities with Respect to the Amended Judgment and Order and Implementation of the MOU Pursuant to 11 U.S.C. §§ 362 and 1520,* dated March 17, 2023 [ECF No. 488] (the "JPLs' Reply"); and upon the JPLs' *Addendum to Reply in Further Support of Amended Motion of the Joint Provisional Liquidators to Enforce the Stay Against the NC Insurance Companies, Rehabilitators and Lindberg Entities with Respect to the Amended Judgment and Order and Implementation of the MOU Pursuant to 11 U.S.C. §§ 362 and 1520,* dated March 22, 2023 [ECF No. 489] (the "JPLs' Addendum"); and upon the JPLs' *Addendum to Amended Motion of the Joint Provisional Liquidators to Enforce the Stay Against the NC Insurance Companies, Rehabilitators and Lindberg Entities with Respect to the Amended Judgment and Order and Implementation of the MOU Pursuant to 11 U.S.C. §§ 362 and 1520,* dated March 23, 2023 [ECF No. 495] (the "JPLs' Second Addendum"); and upon the NC Companies' Letter to the Court, dated March 28, 2023 [ECF No. 496] (the "NC Letter"); and upon the JPLs' Letter to the Court, dated March 30, 2023 [ECF No. 498] (the "JPLs' Letter"); and the Court having reviewed the Amended Motion to Enforce, the NC Objection, the JPLs' Reply, the JPLs' Addendum, the JPLs' Second Addendum, the NC Letter and the JPLs' Letter; and the Court having held a hearing on the Amended Motion to Enforce on March 23, 2023, which was continued to, and concluded on, March 31, 2023 (collectively, the "Hearing"); and the Court having considered the evidence submitted by the parties and made rulings during the Hearing with respect to such evidence; and the Court having admitted into evidence (i) Exhibits C, E and F attached to the Amended Motion to Enforce, (ii) all exhibits attached to the NC Objection, and (iii) the

transcripts of the depositions of Rachelle Frisby dated January 19, 2023 and February 17, 2023 and John Johnston dated January 26, 2023, subject to the Court's consideration of any objections raised by counsel for the JPLs during such depositions; and the Court having denied admission into evidence of all other exhibits sought to be admitted at the Hearing; and the Court having heard oral arguments from counsel for the parties during the Hearing; and the Court having found that appropriate and timely notice of the Amended Motion to Enforce and the Hearing had been given and no other or further notice was necessary or required; and after due deliberation and sufficient cause appearing therefor;

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. The Court hereby incorporates by reference its oral decision and rulings made during the Hearing.

C. The Court has jurisdiction over this matter pursuant to sections 157 and 1334 of title 28 of the United States Code. This is a core proceeding pursuant to section 157(b)(2)(P) of title 28 of the United States Code.

D. Venue is proper in this district pursuant to section 1410 of title 28 of the United States Code.

E. The Recognition Orders expressly allowed the NC Action to proceed, with the claims against PBLA severed and stayed, and stated as follows:

> [w]ith respect to the [NC Action], the stay imposed in this Order, including in paragraph 3 and 4, shall not stay the [NC Action] as against all parties to that action, except for the Debtors, and the plaintiffs in the [NC Action] may proceed against all parties to that action, except for the Debtors; however, nothing that may occur in the [NC Action] shall have any res judicata or collateral estoppel effect against any of the Debtors or the JPLs, and all rights of the Debtors and JPLs are expressly preserved.

Recognition Orders [ECF Nos. 33 at ¶ 6, 50 at ¶ 6]. The JPLs consented to the entry of each of the Recognition Orders and submitted them to this Court for approval.

F.  Based on the foregoing, the prosecution by the NC Companies of the NC Action subsequent to the Petition Date was explicitly permitted under the Recognition Orders.

G.  PBLA was severed from the NC Action, and PBLA did not participate in the NC Action.

H.  Prior to filing the First Motion to Enforce, the JPLs did not file with any court a pleading seeking to prevent the NC Action from proceeding to judgment.

I.  Neither the JPLs nor their counsel advised the NC Court at any time that any ruling by the NC Court in the NC Action would constitute a violation of the Recognition Orders or the automatic stay.

J.  The Judgment ordered the following with respect to PBLA's bankruptcy proceeding:

> Nothing in this Order shall be construed to require Defendants to perform any act that violates the automatic stay arising from the Order (I) Recognizing the Bermuda Proceeding of PB Investment Holdings, Ltd. as a Foreign Main Proceeding and (II) Granting Related Relief entered by the United States Bankruptcy Court for the Southern District of New York in *In re PB Life and Annuity Ca. Ltd., et al*, Case No, 20-12791 (LBG) (May 4, 2021) (doc 50).

Judgment, at decretal para. 19.

K.  None of the Debtors is a defendant subject to the Judgment.

L. The Judgment has no *res judicata* or collateral estoppel effect with respect to any of the Debtors or the JPLs.

M. None of the Debtors is required to take any action, or refrain from taking any action, under the Judgment, including in order for the SACs to be contributed to NHC.

N. The Judgment does not direct or require the NC Companies or the NC Defendants to take any action against any of the Debtors or any property of the Debtors.

O. There is no provision in the Judgment that permits any party to obtain possession of the Debtors' property or to exercise control over property of the Debtors.

P. There is no provision in the Judgment that permits any party to collect, assess, or recover a claim against the Debtors that arose pre-petition.

Q. The requirement under the Judgment that the NC Defendants fully effectuate the transfer, assignment, and contribution to NHC of their equity and ownership interests in the SACs to NHC, such that the SACs become subsidiaries, either directly or indirectly, of NHC, is not a transfer of property of the Debtors, because:

　　i. None of the Debtors are SACs;

　　ii. None of the Debtors owns any common shares of, or common membership interests in, any of the SACs;

　　iii. The Debtors do not control any of the SACs;

　　iv. The Debtors have never controlled any of the SACs; and

　　v. The JPLs have confirmed that the SACs are not property of the Debtors.

R. Because the SACs are not property of any of the Debtors, their transfer pursuant to the Judgment does not implicate the protections afforded to the Debtors' property under section 362 of the Bankruptcy Code.

S.    The following rulings of the NC Court, as set forth in the Judgment, do not violate any of the automatic stay provisions of section 362 of the Bankruptcy Code:

  i.    That GGHI, as sole member of NHC, must fund and bind a directors and officers insurance policy for the NHC Board;

  ii.    That the NC Defendants must fully effectuate the transfer, assignment, and contribution to NHC of their equity and ownership interests in the SACs, such that the SACs become subsidiaries, either directly or indirectly, of NHC; and

  iii.    That GGHI must take all necessary action to ensure that NHC, a North Carolina limited liability company, is a manager-managed LLC and is in good standing under the laws of North Carolina so that it may serve as NHC for performance of the MOU.

T.    The NC Companies did not violate the Recognition Orders by prosecuting the NC Action, including through entry of the Judgment and prosecution of all appeals of the Judgment.

U.    The NC Court did not violate the Recognition Orders by entering the Judgment.

V.    The North Carolina Court of Appeals (the "NC Court of Appeals") has not violated the Recognition Orders by allowing the Appeals[3] of the Judgment to be prosecuted.

W.    Under the Recognition Orders, the NC Companies were and continue to be permitted to take any and all action against the NC Defendants in order to enforce the terms of the Judgment against the NC Defendants.

X.    None of the NC Companies, the NC Court, or the NC Court of Appeals have violated the Recognition Orders.

Y.    The NC Companies were and continue to be permitted under applicable law to defend against the NC Defendants' appeal of the Judgment.

---

[3] On June 13, 2022, the NC Defendants filed their Notice of Appeal of the Judgment (the "NC Defendants' Appeal") and, on June 21, 2022, the NC Companies filed a notice of cross-appeal (together with the NC Defendants' Appeal, the "Appeals").

Z.  None of the NC Companies, the NC Court, or the NC Court of Appeals have violated the automatic stay.

AA.  The Judgment does not prevent or in any way impair any rights the JPLs may have (i) to challenge the validity and enforceability of the MOU or the IALA, and (ii) any Debtor's right as an agent under the loan agreements to declare a default in the event of a change of control.

BB.  All of the Debtors' rights with respect to the NC Action and the Judgment have been fully preserved.

CC.  Based on all of the foregoing, (a) the entry of and terms of the Judgment, (b) compliance with the actions ordered in the Judgment, and (c) the continued prosecution of the Appeals do not constitute a violation of the automatic stay under section 362 of the Bankruptcy Code.

**NOW THEREFORE, IT IS HEREBY:**

**ORDERED**, that the Amended Motion to Enforce is **DENIED**; and it is further

**ORDERED**, that the SACs are not property of any of the Debtors and their transfer pursuant to the Judgment does not violate the automatic stay under section 362 of the Bankruptcy Code; and it is further

**ORDERED**, that the entry of and terms of the Judgment does not constitute a violation of the Recognition Orders or the automatic stay under section 362 of the Bankruptcy Code; and it is further

**ORDERED**, that none of the following rulings of the NC Court, as set forth in the Judgment, violate any of the automatic stay provisions of section 362 of the Bankruptcy Code or the Recognition Orders:

      i. That GGHI, as sole member of NHC, must fund and bind a directors and officers insurance policy for the NHC Board;

      ii. That the NC Defendants must fully effectuate the transfer, assignment, and contribution to NHC of their equity and ownership interests in the SACs, such that the SACs become subsidiaries, either directly or indirectly, of NHC; and

      iii. That GGHI must take all necessary action to ensure that NHC, a North Carolina limited liability company, is a manager-managed LLC and is in good standing under the laws of North Carolina so that it may serve as NHC for performance of the MOU; and it is further

**ORDERED**, that none of the NC Companies, the NC Court, or the NC Court of Appeals have violated the automatic stay under section 362 of the Bankruptcy Code; and it is further

**ORDERED**, that none of the NC Companies, the NC Court, or the NC Court of Appeals have violated the Recognition Orders; and it is further

**ORDERED**, that compliance with the actions ordered to be taken in the Judgment by the NC Defendants or the NC Companies does not constitute a violation of the automatic stay under section 362 of the Bankruptcy Code; and it is further

**ORDERED**, that continued prosecution of the Appeals through entry of a final order does not constitute a violation of the Recognition Orders or the automatic stay under section 362 of the Bankruptcy Code; and it is further

**ORDERED**, this Order does not limit or otherwise affect (i) the JPLs' right to challenge the validity and enforceability of the MOU or the IALA as to the Debtors or (ii) the Debtors' right to avail themselves of their existing contract rights; and it is further

**ORDERED**, that this Court shall retain jurisdiction over any and all matters arising from the interpretation and implementation of this Order.

Dated: April 10, 2023
      New York, New York                                      **/s/ Lisa G. Beckerman**
                                                                            Honorable Lisa G. Beckerman
                                                                            United States Bankruptcy Judge