Christopher J. Blake
NELSON MULLINS RILEY & SCARBOROUGH LLP
4140 Parklake Avenue, Suite 200
Raleigh, North Carolina 27612
Telephone: (919) 329-3800
Fax: (919) 329-3799
chris.blake@nelsonmullins.com

Peter J. Haley
NELSON MULLINS RILEY & SCARBOROUGH LLP
One Financial Center
Boston, MA  02111
Tel: (617) 217-4714
Fax: (617) 217-4750
peter.haley@nelsonmullins.com

Alan F. Kaufman
NELSON MULLINS RILEY & SCARBOROUGH LLP
330 Madison Avenue
27th Floor
New York, NY  10017
Tel: (212) 413-9016
Fax: (646) 428-2610
alan.kaufman@nelsonmullins.com

*Counsel to the Defendant Global Bankers Insurance Group, LLC,*
*now known as Aspida Financial Services, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PB LIFE AND ANNUITY CO., LTD., *et. al.*,<br><br>    Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 20-12791 (LGB)<br>(Jointly Administered) |

**SUPPLEMENTAL MEMORANDUM OF ASPIDA FINANCIAL SERVICES, LLC (F/K/A GLOBAL BANKERS INSURANCE GROUP, LLC) IN SUPPORT OF RENEWED MOTION TO DISMISS**

Aspida Financial Services, LLC, formerly known as Global Bankers Insurance Group, LLC, ("Aspida Financial") submits this Supplemental Memorandum of Law in support of its Renewed Motion to Dismiss following the hearing on this matter on March 25, 2025.

## **Argument**

Subsequent to the Aspida Financial Renewed Motion to Dismiss [Docket No. 207], the Plaintiff filed a letter response with the Court [Docket No. 208] (the "Letter Reply"). The Letter Reply addresses only the procedural law of the case issue, but does not otherwise substantively address why the Court should not follow its own ruling in Adversary Proceeding No. 23-0100, *John Johnston and Rached Frisby as Joint Provisional Liquidators v. Gregory Lindberg et al.* (the "JPL Proceeding") in which it dismissed the same claims against Aspida Financial in the JPL Proceeding on the basis that such claims were barred by the reverse presumption doctrine of the McCarran Ferguson Act. *See*, JPL Proceeding Docket No. 236 and Hearing Transcript of January 11, 2024. (the "JPL Dismissal Order").

At oral argument, the Plaintiff raised for the first time the argument that it was entitled to ignore the Michigan state court proceeding and have this Court collaterally review and reverse the findings of the Michigan proceeding. The Plaintiff directed the Court to Norex Petroleum Ltd. v. Access Industries, Inc. 416 F.3d 416 (2d Cir.2005).

Norex is a case in which the Second Circuit reversed the dismissal of the case by the District Court on the basis of *forum non conveniens*. The case is largely inapposite and consists primarily of a review of the doctrine of *forum non conveniens*. The portion of the decision relied upon by the Plaintiff arises from the fact that the defendants in Norex had secured a default judgment in a Russian court against the Plaintiff Norex, a Cypriot corporation with a principal place of business at Calgary, Canada.

2

In reviewing the fact of the default judgment, the Second Circuit wrote that:

> Nevertheless, an important caveat pertains: a "defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding." Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 706, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). Such a jurisdictional challenge can be based on inadequate personal service. See Thompson v. Whitman, 18 Wall. 457, 85 U.S. 457, 466, 21 L.Ed. 897 (1873) ( **"[A] judgment may be attacked in a collateral proceeding by showing that the court had no jurisdiction of the person, or, in proceedings in rem, no jurisdiction of the thing.**"); see also Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 84, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988) ("[A] judgment entered without notice or service is constitutionally infirm."). As this court explained in Transaero, Inc. v. La Fuerza Aerea Boliviana, "[a] court entering a default judgment may assume that it has jurisdiction over the defendant when the defendant does not appear in court to contest the judgment," but its determination as to whether "service was proper and ... it had personal jurisdiction ... cannot be deemed final and preclusive on these questions." 162 F.3d 724, 730 (2d Cir.1998).

Id. at 160-61. (emphasis added).

In relying on this part of the decision, and quoting it at oral argument, the Plaintiff ignores the fact that the Michigan receivership proceeding at issue in this matter was not an action against the Plaintiff, nor did it seek relief against the Plaintiff. The Michigan proceeding was a proceeding designed to effect the rehabilitation of an insurance company and as such, the applicable Michigan law authorized the Court to:

> issue immediately and without a hearing the requested order directing the commissioner to take possession and control of all or a part of the property, books, accounts, documents, and other records of an insurer, and of the premises occupied by the insurer for the transaction of its business; and until further order of the court enjoin the insurer and its officers, managers, agents, and employees from disposition of its property and from the transaction of its business except with the commissioner's written consent.

M.C.L. 500.8110(2)

The question is not whether the Plaintiff can challenge the Michigan court's exercise of personal jurisdiction over the Plaintiff, but whether it can challenge the Michigan court's exercise of jurisdiction over Pavonia Life Insurance Company and its affiliates. In the Pavonia proceeding, Pavonia itself sought the jurisdiction of the Michigan court and assented to its jurisdiction and the

scope of the order entered by the Michigan court which specifically included Global Bankers
Insurance Group, LLC.  *See* Docket No. 140-1 in the JPL Adversary Proceeding (23-01000),
Exhibit A, (pages 40-41 of 138).

In the Sale Order dated June 24, 2021, the Michigan Court approved the sale of the
membership units of Global Bankers Insurance Group, LLC to Aspida Holdco. Paragraph 8 of the
Sale Order provides that:

> ... the Rehabilitator shall cause Pavonia Life to sell convey, assign, transfer, and deliver to
> Aspida, and Aspida shall purchase, acquire, and accept from the Rehabilitator, all of
> Pavonia's right, title and interest in ServiceCo consisting of all of the outstanding
> membership units of ServiceCo (the "Units"), ***free and clear of all liens or other
> encumbrances,*** and ServiceCo shall resume its operations subject to the applicable
> `Scheduled Liabilities' as defined in the Plan and previously determined during these
> rehabilitation proceedings.

*See* Docket No. 140-1 in the JPL Adversary Proceeding (23-01000), Exhibit B, ¶ 8 (page 61 of
138) (emphasis added).  As reflected in the Sale Order, Aspida **paid $5.5 million** for its purchase
of Global Bankers Insurance Group, LLC.  The Plaintiff asks this Court to revisit those orders and
collaterally vacate them.  This proposition ignores both the Michigan's court jurisdiction over **the
assets of a Michigan insurance company** and its affiliates and the law of the Second Circuit
acknowledging a "complex administrative and judicial system for regulating and liquidating
domestic insurance companies," the expertise of the Superintendent, the necessity of marshalling
the claims and assets in one place, and the 'express federal policy of noninterference in insurance
matters' embodied in the McCarran-Ferguson Act." Law Enforcement Insur. Co. v. Corcoran, 807
F.2d 38,44 (2d Cir.1986), cert. denied, 481 U.S. 1017, 107 S.Ct. 1896, 95 L.Ed.2d 503 (1987).
The Plaintiff's arguments implicitly suggest that this Court either unilaterally change the nature of
the property purchased by Aspida and/or return to Aspida the $5.5 million it paid.  The mere
contemplation of this relief suggests the inherent lack of merit of the argument.

4

4928-4733-2914 v.3

The Plaintiff's argument that as an *in futuro* alleged creditor of Global Bankers Insurance Group, LLC, it is entitled to challenge the *in rem* jurisdiction of a Michigan state court over a Michigan insurance company in a prior proceeding is not supported by <u>Norex</u> or any other authority.

### <u>Conclusion</u>

Wherefore, the Defendant Aspida Financial Services, LLC, formerly known as Global Bankers Insurance Group, LLC, prays that the Court enter an order dismissing the Plaintiff's claims against it in the First Amended Complaint and the proposed Second Amended Complaint and that the Court grant such other and further relief as is just and proper.

5

ASPIDA FINANCIAL SERVICES, LLC, FORMERLY
KNOWN AS GLOBAL BANKERS INSURANCE
GROUP, LLC

by its attorneys,


*/s/ Peter J. Haley*
Peter J. Haley (pro hac vice)
NELSON MULLINS RILEY & SCARBOROUGH LLP
One Financial Center
Boston, MA 02111
Tel: (617) 217-4714
Fax: (617) 217-4750
peter.haley@nelsonmullins.com

Christopher J. Blake (pro hac vice)
NELSON MULLINS RILEY & SCARBOROUGH LLP
4140 Parklake Avenue, Suite 200
Raleigh, North Carolina 27612
Telephone: (919) 329-3800
Fax: (919) 329-3799
chris.blake@nelsonmullins.com

Alan F. Kaufman
NELSON MULLINS RILEY & SCARBOROUGH LLP
330 Madison Avenue, 27th Floor
New York, NY 10017
Tel: (212) 413-9016
Fax: (646) 428-2610
alan.kaufman@nelsonmullins.com


Dated: April 8, 2025

## Certificate of Service

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: April 8, 2025                                    */s/ Peter J. Haley*
                                                                Peter J. Haley

4928-4733-2914 v.3