STEVENS & LEE, P.C.
485 Madison Avenue, 20th Floor
New York, NY 10022
Telephone: (212) 319-8500
Nicholas F. Kajon
Constantine D. Pourakis
Wade D. Koenecke (*pro hac vice*)
nicholas.kajon@stevenslee.com
constantine.pourakis@stevenslee.com
wade.koenecke@stevenslee.com

*Counsel for John Johnston and Elizabeth Cava
in their capacity as Joint Official Liquidators,
Joint Provisional Liquidators and
Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PB LIFE AND ANNUITY CO., LTD., *et al.*,[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 20-12791 (LGB)<br><br>(Jointly Administered) |

**TENTH QUARTERLY STATUS REPORT CONCERNING BERMUDA PROCEEDINGS**

John Johnston and Elizabeth Cava of Deloitte Financial Advisory Ltd. in Bermuda, in their capacities as the Joint Official Liquidators ("JOLs") and authorized foreign representatives for PB Life and Annuity Co., Ltd. (in liquidation) ("PBLA"), and the Joint Provisional Liquidators ("JPLs") and authorized foreign representatives for Northstar Financial Services (Bermuda) Ltd.

---

[1] PB Life and Annuity Co., Ltd. (in liquidation), Northstar Financial Services (Bermuda) Ltd. (in liquidation), Omnia Ltd. (in liquidation) and PB Investment Holdings Ltd. (in liquidation), foreign Debtors, are Bermuda limited companies which each have a registered address in Bermuda c/o Deloitte Financial Advisory Ltd., Corner House, 20 Parliament Street, Hamilton HM 12, Bermuda, and are Jointly Administered for procedural purposes, by Order entered on April 2, 2021, ECF No. 42.

1

(in liquidation) ("Northstar"), Omnia Ltd. (in liquidation) ("Omnia") and PB Investment Holdings Ltd. (in liquidation) ("PBIHL," together with PBLA, Northstar and Omnia, the "Debtors"), in liquidation proceedings currently pending before the Supreme Court of Bermuda (the "Bermuda Court"), Companies (Winding Up) Commercial Court, 2020: No. 306, 304, 305, and 441 respectively (the "Bermuda Proceedings"), submit the Tenth Quarterly Status Report regarding the Bermuda Proceedings (the "Report") pursuant to the January 6, 2023 *Order Granting, in Part and Denying, in Part, Motion for Order Directing the Joint Provisional Liquidators to (I) Provide the NC Insurance Companies with (A) Copies of all Pleadings and Documents Previously Filed, or to be Filed, in the Bermuda Proceedings, and (B) Timely Notice of any Hearings in the Bermuda Court, and (II) File Quarterly Update Reports with the Bankruptcy Court Relating to the Bermuda Proceedings* [ECF No. 460]. For ease of reference, Mr. Johnston and Ms. Cava in their capacity as JOLs and/or JPLs (as the case may be) are hereafter referred to as "the Liquidators".

## I. Nature of the Bermuda Proceedings

1.   All issues governed by Chapter 15 are brought before this Court. However, each Debtor also has obligations in each of their cases in Bermuda, and Debtor-specific matters are also argued before the Bermuda Court.

2.   Some of the applications and filings with the Bermuda Court are *ex parte* and confidential as between the Liquidators and the Bermuda Court. Currently, the Court files in relation to those applications in Bermuda are sealed and third parties do not have, and are not entitled to have, access to documentation held in the sealed files. The Liquidators are Officers of the Bermuda Court and carry on the winding up of the Debtors accordingly. The Liquidators have

provided and the Liquidators continue to provide the Bermuda Court full and frank disclosures of all matters. Some hearings are open to the public, and some are closed for confidentiality reasons.

3.      In some instances, reports provided by the Liquidators to the Bermuda Court are confidential and form a part of the sealed files, and are prepared on the basis that they are an update to the Bermuda Court only, which has ultimate supervision over each of the Debtors' insolvency proceedings. The reports typically contain sensitive information, which includes but is not limited to strategy, negotiation of disposition of assets, and the Liquidators' overall case strategy for each Debtor.

4.      The information contained in these reports to the Bermuda Court typically would not be shared with creditors due to the sensitive nature of the information. The Liquidators, however, also prepare open reports available to the creditors and provide them with updates on the proceedings upon request.

5.      A creditor can apply to the Bermuda Court to inspect the Court file(s) upon giving seven (7) days' notice to the Petitioner (the Bermuda Monetary Authority) and the Liquidators pursuant to Rule 12(2) of the Bermuda Companies (Winding-Up) Rules 1982. It will then be for the Bermuda Court to decide whether permitting inspection is appropriate on a case-by-case basis and the Bermuda Court will take a view as to whether the confidentiality is sufficiently strong that the document should remain sealed or whether the interests of creditors override what ordinarily would be confidential. It is a common part of the insolvency process in Bermuda that the Court file in relation to *ex parte* applications filed by the Liquidators are sealed during the course of insolvency proceedings to allow Bermuda Court-appointed insolvency and restructuring professionals to provide the Bermuda Court with information, documentation and updates as to

the progress of the insolvency on a full and frank basis without the risk of that information being shared with any third parties.

6.  Within this Report, reference is made to the First Quarterly Status Report concerning Bermuda Proceedings dated January 16, 2023 (the "First Quarterly Report") [ECF No. 461], the Second Quarterly Status Report Concerning Bermuda Proceedings dated April 17, 2023 (the "Second Quarterly Report") [ECF No. 505], the Third Quarterly Status Report concerning Bermuda Proceedings dated July 17, 2023 (the "Third Quarterly Report") [ECF No. 517], the Fourth Quarterly Status Report Concerning Bermuda Proceedings dated October 16, 2023 (the "Fourth Quarterly Report") [ECF No. 523], the Fifth Quarterly Status Report concerning Bermuda Proceedings dated January 16, 2024 (the "Fifth Quarterly Report") [ECF No. 540], the Sixth Quarterly Status Report concerning Bermuda Proceedings dated April 15, 2024 (the "Sixth Quarterly Report") [ECF No. 546] the Seventh Quarterly Status Report concerning Bermuda Proceedings dated July 15, 2024 (the "Seventh Quarterly Report") [ECF No. 548], the Eighth Quarterly Status Report concerning Bermuda Proceedings dated October 15, 2024 (the "Eighth Quarterly Report") [ECF No. 555] and the Ninth Quarterly Status Report concerning Bermuda Proceedings dated January 15, 2025 (the "Ninth Quarterly Report") [ECF No. 557].

**II.     Matters Common to All Debtors**

    A. *JPL Appointment Application*

7.    As set out in the Ninth Quarterly Report at paragraphs 7 to 11, Mr. Johnston filed an application with the Bermuda Court on December 23, 2024, seeking the release of Mr. Edward Willmott and his estate from his office as Official Liquidator of PBLA and Provisional Liquidator of Northstar, Omnia and PBIHL, following his unfortunate passing on October 20, 2024. By the same application, Mr. Johnston sought the appointment of Elizabeth Cava, a partner with Deloitte Financial Advisory Ltd. in Bermuda, in place of Mr. Willmott (the "Appointment Application").

8.    The Appointment Application was heard before the Hon. Justice Subair Wiliams and granted by Order dated January 17, 2025, in the following terms (the "Appointment Order")[2]:

1. *Pursuant to s178 of the Companies Act 1981 (the Act), effective 20 October 2024, Mr Edward Willmott of Deloitte Financial Advisory Ltd. and his estate shall be and are hereby released from his office as provisional liquidator of Northstar, Omnia and PBIHL and official liquidator of PBLA, and discharged from all liability for all acts done or omitted to be done in the course of the winding-up of the Companies, and all liabilities otherwise arising in relation to his conduct as provisional / official liquidator of the Companies as the case may be.*

2. *Pursuant to section 173 of the Act, effective upon compliance with paragraph 3 below, and subject to paragraph 4 below, Ms Elizabeth Cava of Deloitte Financial Advisory Ltd. shall be appointed as provisional liquidator of Northstar, Omnia and PBIHL and shall be appointed as official liquidator of PBLA in place of Mr Willmott.*

---

[2] Annexed hereto as **Exhibit A**.

  *3. Notice of the Order releasing Mr Willmott and his estate from his office as provisional/official liquidator as the case may be, and of the appointment of Ms Cava in Mr Willmott's place, shall be published in the Royal Gazette within 14 days of the making of this Order, to notify the creditors and contributories of their right to apply under paragraph 4 below.*

  *4. A creditor or contributory of any of the Companies may apply to vary or set aside the orders in paragraphs 1 and 2 above as it relates to the Company in which they are interested within 14 days of the date of the advertisement required by paragraph 3 above.*

  *5. There shall be no order as to costs.*

9. Pursuant to paragraph 3 of the Appointment Order, Notice of the Appointment Order was advertised in the Bermuda Royal Gazette on January 21, 2025. None of the creditors of any of the four companies applied to vary or set aside and the Appointment Order became effective on February 5, 2025.

  B. <u>Status of Bermuda Proceedings</u>

10. Following the Joint Status Conference between this Court and the Former Honourable Chief Justice Hargun of the Bermuda Court which took place on May 30, 2023 (details of which are at paragraph 7 of the Third Quarterly Report), no further applications common to all Debtors have been filed with the Bermuda Court.

*C. Hearing Dates*

11.    There are no hearings for matters common to all Debtors currently scheduled in the 90-day period subsequent to the date of this Report.

### III. PBLA

*A. Status of Bermuda Proceedings*

12.    As set out at paragraphs 9 to 11 of the Sixth Quarterly Report, the JOLs were appointed as PBLA's Joint Official Liquidators by Order of the Bermuda Court dated March 8, 2024. The JOLs' appointment was advertised in Bermuda's Royal Gazette on March 13, 2024, and Bermuda's Registrar of Companies was provided with a Notice of Appointment of Liquidators on March 13, 2024.

13.    Following their appointment, the JOLs were responsible for, and the Liquidators continue to be responsible for, attending to the daily administration of PBLA.

*B. Hearing Dates*

14.    There are no hearings for PBLA currently scheduled in the 90-day period subsequent to the date of this Report.

### IV. Omnia

*A. Status of Bermuda Proceedings*

   *i.    Segregation Application*

15.    The background to the Segregation Application is set out at paragraphs 28 to 34 of the First Quarterly Report, paragraphs 25 to 27 of the Second Quarterly Report, paragraphs 12 to 15 of the Third Quarterly Report, paragraphs 16 to 18 of the Fourth Quarterly Report, paragraphs

7

15 to 21 of the Fifth Quarterly Report, paragraphs 13 to 23 of the Sixth Quarterly Report, paragraphs 12 to 15 of the Seventh Quarterly Report, paragraphs 12 to 20 of the Eighth Quarterly Report and paragraphs 17 to 19 of the Ninth Quarterly Report.

16. Paragraphs 18 and 19 of the Ninth Quarterly Report set out that a hearing was listed for December 18, 2024, to hear the parties concerning the form of Order to be made pursuant to the Bermuda Court's Ruling dated March 20, 2024 (the "Consequentials Hearing"). The hearing listed for December 18, 2024, was adjourned and re-listed for March 5, 2025, before the Hon. Justice Subair Williams.

17. In advance of the Consequentials Hearing, the Liquidators filed their Supplemental Submissions in relation to Northstar, dated February 21, 2025.[3] Counsel for the Liffey Policyholders[4] filed their Skeleton Argument dated February 24, 2025.[5]

18. At the Consequentials Hearing, the Liquidators' requested order was granted.[6]

19. Previous quarterly reports filed with this Court set out the background to the *Ex Parte* directions application in respect of both Omnia and Northstar heard by the Bermuda Court on January 19, 2024, and the resulting order of the same date (the "Directions Order"). See specifically:

  i. Paragraphs 30 and 35 of the Fifth Quarterly Report;
  ii. paragraphs 16 to 23 of the Sixth Quarterly Report; and
  iii. paragraphs 13 to 15 of the Seventh Quarterly Report.

---

[3] This document has not been annexed to this Report but can be made available on request.
[4] As defined at paragraph 15 of the Eighth Quarterly Report.
[5] This document has not been annexed to this Report but can be made available on request.
[6] Annexed hereto as **Exhibit B**.

8

20. On February 5, 2025, the Liquidators filed an *Ex Parte* Summons seeking further directions pertaining to determination of (i) the directions necessary in relation to the Liquidators' admission, valuation and payment of claims by variable investment account policyholders; and (ii) general directions as to the admissibility of the general account claims and the holding of first meeting(s) of creditors and contributories (the "Directions Application")[7]. A Notification was sent to Omnia's policyholders and creditors on March 25, 2025, setting out the background and next steps in relation to the Directions Application.[8]

    *ii.    Application for an extension of time for the holding of the meetings of creditors and contributories*

21. On March 24, 2025, the Liquidators filed an application seeking to extend the deadline for the first meetings of creditors and contributories from March 26, 2025, to December 26, 2025. This application was decided by the Bermuda Court on the papers and granted by Order dated March 25, 2025.[9]

    B. *Hearing Dates*

22. There are no public hearings for Omnia currently scheduled in the 90-day period subsequent to the date of this Report.

23. A virtual *Ex Parte* Directions Hearing is scheduled to be heard on April 16, 2025, for one (1) day (the "Directions Hearing"). Although this application was filed *Ex Parte*, notice

---

[7] This application having been filed *ex parte*, the application documents are not exhibited to this Report. However, since notice of the upcoming directions hearing was subsequently provided to policyholders and creditors, the Liquidators have included the relevant background information of this application for context. The Liquidators do not waive any confidentiality in this application or any of the documents filed in relation thereto.
[8] Annexed hereto as **Exhibit C**.
[9] Annexed hereto as **Exhibit D**. The Affidavit and Exhibit filed in support of this application are sealed on the Bermuda Court's file and are not annexed to this Report.

9

of the hearing was provided to Omnia's policyholders and creditors (as explained above at paragraph 20) and one Omnia policyholder has communicated her intention to appear at the Directions Hearing to the Liquidators (the "Omnia Policyholder"). The Liquidators are liaising with the Omnia Policyholder in relation to the Directions Hearing, and the documents to be provided to the Bermuda Court in advance of the Directions Hearing.

### V.     Northstar

#### A.     *Status of Bermuda Proceedings*

##### i.     *Segregation Application*

24.     The Segregation Application described at section IV.A. above is a joint application on behalf of both Northstar and Omnia and paragraphs 15 to 18 apply equally to Northstar.

25.     The Directions Application described at paragraphs 19, 20 and 22 above is a joint application on behalf of both Northstar and Omnia. However, in respect of Northstar, the Liquidators will seek (i) determination of the issues which primarily arise from Northstar's business (or some part of it) being likely subject to the Investment Business (Client Money) Regulations 2004 ("CMR"); (ii) determination of the directions necessary in relation to the Liquidators' admission, valuation and payment of claims by variable investment account policyholders; and (iii) general directions as to the admissibility of the general account claims and the holding of first meeting(s) of creditors and contributories (the "Directions Application"). A Notification was sent to Northstar's policyholders and creditors on March 25, 2025, setting out the background and next steps in relation to the Directions Application.[10]

---

[10] Annexed hereto as **Exhibit E**.

      *ii.*    *Application for an extension of time for the holding of the meetings of creditors and contributories*

    26.    On March 24, 2025, the Liquidators filed an application seeking to extend the deadline for the first meetings of creditors and contributories from March 26, 2025, to December 26, 2025. This application was decided by the Bermuda Court on the papers and granted by Order dated March 25, 2025.[11]

    B.   <u>*Hearing Dates*</u>

    27.    There are no public hearings for Northstar currently scheduled in the 90-day period subsequent to the date of this Report.

    28.    The Directions Hearing described at paragraph 23 above is a joint application on behalf of both Northstar and Omnia. As stated above, this hearing is scheduled to be heard virtually on April 16, 2025, for one (1) day. As explained above, while the Directions Hearing was filed as an *Ex Parte* application, notice of the Directions Hearing was sent to Northstar's policyholders and creditors. In particular, counsel for the United Nations Federal Credit Union (and its affiliate UNFCU Advisors, LLC) ("UNFCU"), Conyers Dill & Pearman Ltd ("Conyers"), have communicated their intention to appear at the Directions Hearing to the Liquidators. The Liquidators are liaising with Conyers as regards the Directions Hearing, and the documents to be provided to the Bermuda Court in advance of the Directions Hearing.

---

[11] Annexed hereto as **Exhibit F**. The Affidavit and Exhibit filed in support of this application are sealed on the Bermuda Court's file and are not annexed to this Report.

### VI.    **PBIHL**

#### A. *Status of Bermuda Proceedings*

*i.    HSBC application*

29.    As explained at paragraph 32 of the Eighth Quarterly Report, the HSBC application has now been determined, and the Liquidators are in receipt of the Bermuda Court's Order dated July 23, 2024 (the "HSBC Order").

30.    Following receipt of the HSBC Order and the necessary bank records from HSBC, the Liquidators' team has been carrying out a reconciliation of the HSBC Account[12] and this reconciliation is still ongoing. The Liquidators also continue to be responsible for attending to the daily administration of PBIHL.

*ii.    Application for an extension of time for the holding of the meetings of creditors and contributories*

31.    On April 4, 2025, the Liquidators filed an application seeking to extend the deadline for the first meetings of creditors and contributories from April 9, 2025 to January 9, 2026 (the "Meeting Extension Application").[13] At the time of this Report being finalized, the Liquidators are awaiting a response from the Bermuda Court as to whether the Meeting Extension Application will be listed to be heard or decided on the papers.

#### B. *Hearing Dates*

32.    There are no hearings for PBIHL currently scheduled in the 90-day period subsequent to the date of this Report. As explained above at paragraph 31, the Liquidators are

---

[12] As defined at paragraph 30 of the Eighth Quarterly Report.

[13] The Affidavit and Exhibit filed in support of this application are sealed on the Bermuda Court's file and are not annexed to this Report. The Liquidators expect to receive the Order resulting from this application in the coming weeks and will exhibit such order to the next Quarterly Report provided to this Court.

awaiting the Bermuda Court's response as to whether the Meeting Extension Application will be listed to be heard.

Dated: April 15, 2025
      New York, New York             STEVENS & LEE, P.C.

                                           By: */s/ Constantine D. Pourakis*
                                                 Nicholas F. Kajon
                                                 Constantine D. Pourakis
                                                 Wade D. Koenecke (*pro hac vice*)
                                                 485 Madison Avenue, 20th Floor
                                                 New York, New York 10022
                                                 Telephone: 212-319-8500
                                                 Facsimile: 212-319-8505
                                                 nicholas.kajon@stevenslee.com
                                                 constantine.pourakis@stevenslee.com
                                                 wade.koenecke@stevenslee.com

                                                 *Counsel for John Johnston and Elizabeth Cava in their capacity as Joint Official Liquidators, Joint Provisional Liquidators and Foreign Representatives*